Bateson v. Clark et als.

ALEXANDER BATESON, Respondent, v. HENRY L. CLARK et als., Appellants.

1. *Note—Presentment.*—To bind the endorser of a negotiable note, a presentment at the place of business of the maker, and a demand there made, is sufficient.

2. *Practice—Pleading.*—In a suit against the endorser, it is sufficient to set out the note according to its legal effect, and to allege that is was negotiable. It is not necessary to set out the note *in hæc verba.*—(See Jaccard v. Anderson, 32 Mo. 188; Lindsay v. Parsons, 34 Mo. 422; Simmons v. Belt, 35 Mo. 461.)

3. *Practice — Error and Exception.* — Distinction between error appearing of record and error appearing by exceptions.

### Appeal from St. Louis Court of Common Pleas.

*Kehr*, for appellants.

I. The petition wholly fails to state a cause of action against the appellants. If they are to be held as endorsers of a negotiable note, the petition should allege that the note endorsed by them was " for value received, negotiable and payable without defalcation." Or if they are held as assignors of a non-negotiable note, the petition should state facts constituting their liabilities as such. Neither being done, the petition is wholly defective, and states no cause for action on which a judgment if rendered could be sustained. (Jaccard v. Anderson, 32 Mo. 188; Parsons v. Lindsay, 34 Mo. 422.)

II. If it be objected that this point not having been raised below cannot be made here, I reply " that for error apparent on the face of the record this court will reverse the judgment of an inferior court although no exception be taken therein."

1. The objection that the petition does not state facts sufficient to constitute a cause of action is never waived. (R. C. 1855, p. 1231, § 10, & p. 1301, § 35.)

The distinctions between exceptions taken at the trial and errors manifest on the record is palpable, and has always been recognized by the Supreme Court of this State, as well as by the appellate courts of other States.

| | |
|---|---|
| 37 | 31 |
| 35a | 48 |
| 35a | 203 |
| 37 | 31 |
| 40a | 369 |
| 37 | 31 |
| 110 | 7 |
| 37 | 31 |
| 113 | 669 |
| 117 | 426 |
| 37 | 31 |
| 56a | 72 |
| 56a | 338 |
| 37 | 31 |
| 125 | 423 |
| 58a | 136 |
| 37 | 31 |
| 126 | 212 |
| 37 | 31 |
| 65a | 34 |
| 37 | 31 |
| 72a | 169 |
| 37 | 31 |
| 142 | 440 |
| 37 | 31 |
| 151 | 448 |
| 151 | 522 |
| 77a | 248 |
| 37 | 31 |
| 81a | 238 |
| 81a | 251 |
| 37 | 31 |
| 159 | 661 |
| 86a | 93 |
| 37 | 31 |
| 92a | 247 |
| 37 | 31 |
| 169 | 76 |
| 169 | 661 |

It will be found upon examination that all the Missouri cases in which it is held " that a party will not be allowed to urge in the Supreme Court a point that was not made in the Circuit Court," have referred without exception to matters arising upon the trial, and not to such as affect the pleadings or record. *Vide* Alexander v. Hayden, 2 Mo. 211; Thomas v. Erskine, 7 Mo. 213; Cornelius v. Grant, 8 Mo. 59; Floresch v. Bank of Mo., 10 Mo. 515; whereas in Carr v. Edwards, 1 Mo. 137; Hempstead v. Stone, 2 Mo. 65; Hayton v. Hope, 3 Mo. 54; Maupin v. Triplett, 5 Mo. 422; West v. Miles, 9 Mo. 167, it has been uniformly held that for error apparent on the face of the record the Supreme Court will reverse the judgment of an inferior court although no exception be taken therein.

An objection to an indictment may be raised in the Supreme Court although not made in the Circuit Court. (McWalters v. State, 10 Mo. 168.)

In McGee v. State, 10 Mo. 495, it is held that whatever may be taken advantage of in arrest of judgment, may be corrected by writ of error.

The judgment in Fox v. Tooke et al., 34 Mo. 509, was reversed by the Supreme Court upon a point not made in the court below. (Slocum v. Pomeroy, 6 Cranch, 221.)

III. The mere fact that the notary went with the note to the maker's place of business and found no one there to answer his demand for payment, did not dispense with the necessity of any further effort to present the note. (Sto. on Prom. Notes, § 238; Collins v. Balles, 2 Str. 1087; Lanusse v. Massicot, 3 Martin, La. 261; Granite Bank v. Ayers, 16 Pick. 392; McGruder v. Bank of Wash'n, 9 Wheat.; Chit. on Bills, 7th ed., 164–246.)

IV. The evidence that the notary went with the note to the place of business of the maker in order to demand the payment thereof, and found no one there to answer respecting the same, does not sustain the allegation of the petition that the note was presented to the maker. Where facts are relied on as dispensing with actual presentment and demand,

the *facts* constituting the legal equivalent should be stated in the petition. (Byles on Bills, 171, 337; Blakey v. Grant, 6 Mass. 386; Hill v. Varrell, 3 Greenl. 233.)

*Farish*, for respondent.

I. The instructions were properly refused; a demand at the place of business of the maker of a note is sufficient; and it is not necessary that the maker of the note should also be sought at his residence. (Sto. on Prom. Notes, § 235; Draper v. Clemens, 4 Mo. 52; Barrett v. Evans, 28 Mo. 231; Sanderson v. Reinstadler, 31 Mo. 483; Kleinman v. Boernstein, 32 Mo. 313; McKee v. Boswell, 33 Mo. 567; Miltenberger v. Spalding, 33 Mo. 421.)

II. The point in regard to the insufficiency of the petition was not raised below by demurrer, answer, or motion in arrest, and cannot arise here. It is not assigned here as error. (Haskell v. Sullivan, 31 Mo. 436; Richardson v. George, 34 Mo. 105.)

WAGNER, Judge, delivered the opinion of the court.

This was a suit brought by the endorsee of a negotiable promissory note against the maker and endorsers. The first objection urged is that the demand of payment made by the notary of Clark, the maker, at his place of business, and during his absence, was insufficient to charge the endorsers; and that Clark having a known residence in the city, the demand should have been made there also.

The evidence in the case shows that Clark, the maker of the note, was a man of family, and that he resided with his family in the city of St. Louis, at the corner of Eighteenth and Locust streets, and that he had a place of business on Chesnut street between Second and Third. The notary testified that he presented the note at his place of business for payment, but did not find him or any one else there to answer the demand for payment, and that on the same day he gave notice of protest.

It clearly appears from the evidence that the place where

the presentment was made was the maker's regular place of business, and where such is the fact a presentment and demand at that place, as well as a presentment and demand at his abode or residence, is good in law. Indeed, Parsons says, "it is clear that a demand at the place of business without any at the place of abode is sufficient, and this ordinarily would be the safest and most proper place to present the note." (1 Pars. on Notes & Bills, 422.)

In Van Vechten v. Pruyn, (3 Kernan, 549,) Comstock, J., said that the true rule was that when the service was not by mail, notice may be left indifferently at the dwelling or place of business.

But it is further objected that the petition is defective and does not state facts sufficient to constitute a cause of action. This objection was not raised in the court below, and no exceptions were taken, and it is insisted.on here for the first time. Our statute has unquestionably made a distinction between what is properly matter of error and exception. By the Revised Code of 1855, p. 1300, § 33, "no exception shall be taken in an appeal or writ of error to any proceeding in the Circuit Court, except such as shall have been expressly. decided by such court; but sec. 35 of same chapter requires this court to examine the record and award a new trial to reverse or affirm the judgment, or to give the proper judgment as may seem agreeable to law. The record proper, by law, is the petition, summons, and all subsequent pleadings, including the verdict and judgment; and these the law has made it our duty to examine and revise; and if any error is apparent on the face of these pleadings which constitute the record, we will reverse the cause, whether any exceptions were taken or not. Exception is matter which arises wholly from the action of the court in the progress of the trial, as the admission or rejection of evidence, the sustaining or overruling some motion, the giving or refusing of instructions, &c. This is strictly no part of the record unless made so by being incorporated in a bill of exceptions, and to entitle it to any notice or be made available here the

action of the court must have been excepted to at the time the alleged error was committed. The material part of the petition which is alleged to be defective is in these words: "Plaintiff further states that heretofore, to-wit, on the 20th August, 1861, the defendant, Henry L. Clark, made his certain negotiable promissory note, in writing, which is filed herewith, dated St. Louis, August 20, 1860, by which he promised to pay, five months after date thereof, to the order of said defendants, Frederick Schulenberg and Adolphus Boeckeler, under their said firm of Schulenberg & Boeckeler, twenty-five hundred dollars, for value received, and with interest from maturity at the rate of ten per cent. per annum, and then delivered the same to said Schulenberg & Boeckeler, who afterwards and before the maturity of said note assigned the same by endorsements, in writing, and delivered the same to plaintiff for value."

The petition then alleges presentment and demand of payment, refusal to pay, and protest, &c. It is now said that because it is not alleged in the petition that the note made was "for value received, negotiable and payable without defalcation," it is fatally defective and insufficient to charge the endorsers, and in support of this is cited Jaccard v. Anderson (32 Mo. 188) and Lindsay v. Parsons (34 Mo. 422).

In Jaccard v. Anderson it was said, "the operative words in a negotiable note under the law of this State are, 'for value received, negotiable and payable without defalcation,' and their employment in the instrument declared upon must appear in the petition in order to enable the court to see and pronounce the legal effect of such instrument; and it was held if the petition did not set out these words, which in law made the note negotiable, it would not be sufficient to charge the endorser."

The petition in this case charges that defendant made his certain negotiable promissory note, in writing, which is filed &c., by which he promised, &c. This, it appears, is a definite substantive averment of its negotiability, and all that is requisite under the laws of pleading. It is not necessary to

set out the instrument in *hæc verba*, but only according to its legal effect. There is a sufficient allegation of its negotiable character in the petition, and it is for the court to determine as a question of law, when the note is offered in evidence, whether it comes within the statutory privileges of negotiability, and supports the averment in the petition.

The judgment is affirmed. Judge Holmes concurs; Judge Lovelace absent.