STEPHEN G. HOYT, Plaintiff in Error, *v.* A. G. WILLIAMS, Garnishee of LASLEY *et al.*, Defendant in Error.

*Practice—Bill of Exceptions—Error—Supreme Court.*—The Supreme Court will not review the errors committed at the trial in the inferior court unless the errors be saved by bill of exceptions. If the judge refuse to allow and sign the bill, it may be signed by three bystanders (G. S. 1865, ch. 169, § 29); but if the exceptions be not made part of the record by the bill, there is nothing preserved upon which the appellate court can act.

*Error to the Fifth District Court.*

FAGG, Judge, delivered the opinion of the court.

This was a proceeding commenced in the Weston Court of Common Pleas. The defendant in error, Williams, was summoned to answer as garnishee under an execution issued from the office of the clerk of that court, in favor of Hoyt, and against Lasley and Allgaier. There was a trial upon the issues presented by the interrogatories and answer, which resulted in a verdict and judgment for the garnishee. An appeal was taken to the Fifth District Court and the judgment of the court below reversed. The cause is now brought here by writ of error.

The first question present by the record is whether there is such a bill of exceptions preserved as will authorize this court to examine the errors complained of. We think there is not.

There are two modes pointed out in the statutes by which a bill of exceptions may be perfected so as to become a part of the record in a cause, neither one of which has been pursued in this instance. The first is to have it allowed and signed by the judge trying the cause. If, however, he refuses

to do so, it should be signed by three bystanders—sec. 30, ch. 169, G. S. 1865. Sec.29 of the same chapter provides as follows : "If the judge refuse to sign such bill on the ground that it is untrue, he shall certify thereon under his hand the cause of such refusal." There seems to have been an effort in this case to comply with that requirement. The fact is stated by the judge in an endorsement upon the bill of exceptions, as presented for his signature, that he refused to sign the same because it was untrue. The reasons for this refusal are set out at some length. A copy of this endorsement appears in the transcript, but there was no further effort made to perfect it, and no evidence that the bill was filed so as to become properly a part of the record in the case.

We do not feel at liberty to disregard the plain provisions of the law in reference to this matter. In the absence of the proof necessary to make the record complete, we do not feel authorized to review the action of the Court of Common Pleas. The judgment of the District Court must be reversed. The other judges concur.