————o————

THE STATE OF MISSOURI, Defendant in Error, *vs.* WILLIAM PINTS, Plaintiff in Error.

1. *Practice, Supreme Court—Bill of exceptions—Exceptions to actions of court, etc. not incorporated in—Record proper only, will be reviewed.*—On trial of an indictment where no exceptions to the admission or rejection of evidence, or the giving or refusing of instructions, or the action of the court in overruling motions are preserved in the bill of exceptions, the Supreme Court can review nothing but the record proper, *i. e.*, the indictment, and the subsequent pleading including verdict and judgment.

*Error to Bollinger County Circuit Court.*

*J. C. Noell,* for Appellant.

*J. S. Smith, Att'y Gen'l,* for Respondent, cited : Hoyt vs. Williams, 41 Mo. 270 ; Bateson vs. Clark, 37 Mo. 31 ; State vs. Matson, 38 Mo. 489.

NORTON, Judge, delivered the opinion of the court.

The defendant was indicted in the circuit court within and for Bollinger County in December, 1875, for murder in the first degree, for killing one Catharine Burr on the 6th of November, 1875. Defendant at the same term of court was duly arraigned and on his plea of " not guilty " was put upon his trial, which resulted in a verdict of guilty of murder in the first degree as charged in the indictment. The case is brought here for review upon writ of error. The evidence in this case is not preserved in a bill of exceptions. No exceptions to the admission or rejection of evidence nor to the giving or refusing instructions, nor to the action of the court in overruling motions, were preserved, and all that we can consider in reviewing the case is the record

proper. (St. Louis vs. Milligan, 18 Mo. 181; Hoyt vs. Williams, 41 Mo. 270.)

In the case of Bateson vs. Clark, (37 Mo. 31) it was decided by this court that " the record proper is by law the petition, summons and all subsequent pleadings, including the verdict and judgment; and these the law has made it our duty to examine, and if any error is apparent on the face of these pleadings constituting the record, we will reverse the cause whether any exceptions were taken or not.

" Exception is matter which arises wholly from the action of the court in the progress of the trial, such as the admission or rejection of evidence, the sustaining or overruling of some motion, the giving or refusing of instructions, etc. This is strictly no part of the record unless made so by being incorporated in a bill of exceptions, and to entitle it to any notice, or to be made available here, the action of the court must have been excepted to at the time the alleged error was committed."

Under the above rule our examination of this case is necessarily restricted to the indictment and subsequent pleadings, including verdict and judgment.

The crime of murder in the first degree is well charged in the indictment, and every fact necessary, to constitute this the highest crime known to the law, is stated therein, and it is sufficient, in all respects, to support the judgment which was rendered on the verdict. The record affirmatively shows the arraignment of the prisoner and his presence during the trial, and at the rendition of the verdict. If the case is as stated in the brief of counsel, much more diligence should have been used, than was used, to protect the interests of the defendant. The methods known to the law for bringing the matters referred to in the brief to the attention of this court, so that they could have been considered, should have been employed. A departure from these methods, which are sanctioned by the highest authority, cannot be allowed even in a case as important as the case at bar is, and there is nothing left for us to do but affirm the judgment of the court below.

Judgment affirmed. The other judges concur.