## Fox, *Appellant*, v. Hubbard.

1. **Equitable Relief for Tort:** INSOLVENCY OF WRONG-DOER: FRAUD F. and H. holding notes secured by a joint mortgage on certain land and a frame dwelling house thereon, obtained a decree for foreclosure of the mortgage, sale of the property and *pro rata* application of the proceeds to the payment of their demands. On the eve of the sale, which took place under this decree, H. expecting F. to become the purchaser, and intending to defraud him, moved the house and placed it upon land of his own. F. in ignorance of what H. had done, bid and bought at the sale, the price bid being but a small part of the aggregate amount of the mortgage debts. H. was insolvent. *Held*, that ordinarily F.'s remedy against him would be an action for damages, but as this, owing to his insolvency, would be fruitless, F. might maintain a proceeding in equity to recover of H. the value of the house with interest, and to subject his land and the house to the payment thereof ; and it was immaterial whether the maker of the notes was solvent or not.

2. **Bill of Exceptions.** A bill of exceptions need not set forth deeds and other documents affecting land *in haec verba ;* it will be sufficient if they are described according to their legal effect.

*Appeal from Buchanan Circuit Court.*—HON. J. P. GRUBB, Judge.

REVERSED.

*Wm. Heren* for appellant.

*Vinton Pike* for respondent.

EWING, C.—This suit was commenced in the circuit court of Andrew county, and subsequently moved to Buchanan county by change of venue on application of the

respondent. For a complete understanding of the questions involved it will be necessary to present fully the pleadings and evidence. The petition is as follows:

Plaintiff for cause of action states that prior to the 13th day of February, 1871, he became the surety of one John W. Hopkins, on a note to one James Snowden, for $667, and that on the 1st day of December, 1870, one William M. Townsend became the surety of said Hopkins, on a note of that date, to one Samuel F. Garrett, for $250, and that on the 13th day of February, 1871, and whilst said notes were still outstanding and unpaid, said John W. Hopkins and Mary B. Hopkins, his wife, in order to secure plaintiff and said Townsend as such sureties on said notes as aforesaid from loss and to save them harmless, executed and delivered to plaintiff and said Townsend jointly, their mortgage deed on lot 15, and thirty feet off the north side of lot 14, in block 8, in the town of Bolckow, in the county of Andrew and State of Missouri. That said Hopkins failed and neglected to pay off said notes when they became due, and plaintiff as such surety as aforesaid paid to said Snowden the amount of the note and interest thereon for which he was surety as aforesaid, and said Townsend as such surety paid to said Garrett the amount of said note and the interest thereon for which he was surety as aforesaid. That said Townsend, after he had paid off said note to said Garrett, sold and assigned the note so paid off by him, together with all his interest in said mortgage deed to the defendant herein, who thereby became jointly interested with plaintiff in said mortgage deed. That defendant, after he had bought and taken an assignment from said Townsend of said note and mortgage deed as aforesaid, brought suit in the Andrew county circuit court against said John W. Hopkins, Mary B. Hopkins and plaintiff herein, to recover judgment against said John W. Hopkins for the amount of money which had been paid by said Townsend on said note to said Garrett as aforesaid, and which had been sold and assigned to defendant as aforesaid, and to

foreclose the equity of redemption of said Hopkins in and to said real estate, and to sell the same to satisfy such judgment, whereupon plaintiff herein, and defendant in that suit, filed his separate answer setting up the amount he had paid on said Snowden note as surety thereon as aforesaid, and asking judgment against said John W. Hopkins for the amount, and joining with the plaintiff therein in a prayer for the sale of said real estate to satisfy his said demand, and that the equity of redemption of the said John W. Hopkins therein be foreclosed.

That afterward, to-wit, on the 16th day of August, 1873, said suit came on for hearing, and neither party requiring a jury, the same was submitted to the court; and the court, after hearing all the allegations in the pleadings and the evidence in the cause, rendered judgment in favor of the defendant herein against said John W. Hopkins for $317.69 at ten per cent, and also rendered judgment in favor of the plaintiff herein against said John W. Hopkins for $1,100.12½ at ten per cent, and also rendered judgment that said real estate mentioned in said mortgage deed be sold by the sheriff of Andrew county in the same manner lands are sold under execution, and that said John W. Hopkins' equity of redemption therein be foreclosed, and that said sheriff, after paying the costs, apply the balance of the purchase money to the payment of said judgment in favor of plaintiff and defendant as aforesaid *pro rata* in proportion to each of said judgments according to the rights and interests of plaintiff and defendant therein.

That afterward, to-wit, on the 13th day of December, 1873, Pembroke Mercer, sheriff of said county of Andrew, in pursuance of said order and judgment of said court, and the provisions of law in such cases made and provided, sold said real estate at the court-house door in the city of Savannah, at public vendue, whilst the circuit court of said county of Andrew was in session; and the plaintiff herein being the highest and best bidder therefor, became the purchaser thereof, and the same was struck off to plaintiff by

said sheriff, and said sheriff afterward made, executed and delivered a sheriff's deed to plaintiff, for said real estate so described in said mortgage as aforesaid, as required by law.

Plaintiff further states that the defendant, for some time prior to, and at the time of said sheriff's sale, was the owner in fee simple of lot 13, and twenty feet off the south side of lot 14, in said block 8, in said town of Bolckow, which real estate is contiguous to and adjoining said real estate, so sold by said sheriff to plaintiff as aforesaid; and that the defendant is still the owner and in possession of said real estate so owned by him.    Plaintiff further states that after said Hopkins and wife had executed and delivered said mortgage deed to plaintiff and said Townsend as aforesaid, and before the rendition of said judgment, said Hopkins and wife, for a valuable consideration, sold and conveyed all the right, title and interest of said Hopkins and wife in and to said real estate, so mortgaged as aforesaid, to plaintiff, so that said Hopkins and wife have no interest in said mortgage premises.    Plaintiff further states that at the time said Hopkins and wife executed said mortgage deed to plaintiff and said Townsend, as aforesaid, there was situated on said real estate in said mortgaged deed described and belonging thereto as a fixture, a large frame dwelling-house of the value of $1,500, which had been erected thereon by said Hopkins, and that said house stood and remained on said real estate at the time of the rendition of said judgments in favor of plaintiff and defendant against said Hopkins, and the order of sale of said mortgaged premises aforesaid, and as plaintiff supposed still stood thereon, and constituted a fixture and a part of said real estate, at the time plaintiff purchased the same at sheriff's sale, as aforesaid.    But plaintiff avers and charges that the defendant, intending to cheat, defraud and swindle plaintiff out of his rights in and to said mortgaged premises, after said mortgaged premises had been advertised for sale by said sheriff under said judgment and order of sale, and but a few days prior to said sale, removed said dwell-

ing-house off of said mortgaged premises, on to his own real estate adjacent thereto, hereinbefore described, and placed, arranged and adjusted said house upon a foundation in and upon the said real estate of defendant; and made the same a fixture thereon, without plaintiff's knowledge or consent.

Plaintiff further charges that said dwelling-house still remains on said real estate of defendant as a fixture, and appurtenance thereto belonging, and is now and has been ever since defendant removed the same as aforesaid, occupied by defendant, with his family, as a dwelling-house. Plaintiff further states that by removing said dwelling-house from said mortgaged premises as aforesaid, said premises have been rendered almost worthless, there being no house or building left thereon whatever; that plaintiff bought said mortgaged premises at said sheriff's sale in good faith, believing that said dwelling-house was still on the same, and knew no better until he had purchased the same, wherefore plaintiff says he has been damaged by the said wrongful, unlawful, fraudulent and deceitful acts and doings of defendant, in the sum of $1,500. Plaintiff further states that defendant is the head of a family, and would, but for his said fraudulent and unlawful acts, be entitled to hold said dwelling-house and real estate on which the same now stands as a homestead, at least to the amount allowed by law, but plaintiff avers that defendant is insolvent and that plaintiff will be in great danger of losing his said dwelling-house unless the value of the same be decreed a lien upon the said house, and the real estate upon which defendant has by his own fraudulent and unlawful acts placed the same, and made it a fixture thereon.

Wherefore plaintiff prays judgment against defendant for said sum of $1,500, and prays that the said judgment be decreed a lien upon said real estate so owned by defendant as aforesaid, and that the same be sold by the sheriff to satisfy said judgment. And plaintiff also prays for all

proper relief to which he may be entitled, and for his costs.

On the 4th day of August, 1875, the respondent answered, which was a general denial, and contained no other allegations or averments. At the September term of the Buchanan county circuit court, 1879, there was a trial by the court and judgment for defendant.

The evidence shows that appellant and respondent hold a joint mortgage deed, executed and delivered by John W. Hopkins and wife on lot 15, and thirty feet off the north side of lot 14, in block 8, in the town of Bolckow, to secure said appellant and one Townsend in the payment of certain security debts. It was admitted on the trial that said Townsend assigned said mortgage to the respondent, Robert G. Hubbard. The evidence also shows that a suit was filed by the respondent herein, in the Andrew county circuit court, on the 28th day of May, 1872, against said appellant and John W. Hopkins and wife, for the purpose of procuring a judgment against said Hopkins, and a foreclosure of said mortgage on said lots, which suit shows and it is admitted, that said appellant came into court and joined said respondent in said suit, and asked judgment against said Hopkins for his debt contained in and secured by said mortgage, jointly with said Townsend, and joined said respondent in asking judgment of foreclosure of said mortgage on said lots aforesaid. The evidence also shows that a judgment and decree of said circuit court, in said cause, was rendered on the 16th day of August, 1873, in favor of the respondent, for the sum of $317.68, and also in favor of said appellant for the sum of $1,100.12½, each of said judgments bearing ten per cent interest from the rendition thereof; also judgment and decree of foreclosure of said mortgage deed, on lot 15, and thirty feet off the north side of lot 14, and that said lots be sold by the sheriff of Andrew county in the same manner as lands are sold under execution, and after paying costs, that the proceeds of said sale be paid appellant and respondent *pro rata* in proportion

to each of said judgments; and that said lots were sold under said judgment. Also in evidence sheriff's deed under said judgment and decree, dated on the 30th day of December, 1873, conveying said lot 15 and thirty feet off the north side of lot 14, to appellant, he being the highest and best bidder therefor, at the price and sum of $100. Also sheriff's deed, dated August 4th, 1873, conveying to respondent lot 13 and twenty feet off the south side of lot 14. Said mortgage, judgment and decree, and sheriff's deed were in proper form and regular on their face.

The plaintiff gave evidence: At the time I and Townsend took the mortgage from Hopkins, on lot 15 and part of lot 14, there was a good new dwelling-house and kitchen on the same. Hopkins was living in the house at the time I saw it; it was a story and a half or two stories high, the main building, with an L, being the kitchen part, one story; think the main building was two stories high; think the house was worth $1,000 or $1,200. The house was on the said lots at and after I and Hubbard got our judgments, and after the property was advertised for sale by the sheriff, and right up to the time of sale, and I bid for and bought lot 15 and the thirty feet off lot 14, believing at the time that the house was still on the said lots, and never knew any better until I bought the lots and got a sheriff's deed for the same. I never dreamed at the time of Hubbard or any one moving the house off the lots. I bid and bought, believing in good faith that the house was on the lots, as when we took the mortgage, and obtained our judgment.

Jeremiah Hall gave evidence as follows: At the time and prior to the sale by sheriff of the Hopkins property, as it was called, I lived at Bolckow. I knew the house and property well, and knew Hubbard very well; think the house stood on lot 15, and may be on part of lot 14, in block 8, in Bolckow. It was a large frame house, two story, the main building, with an L; at the time it was the best dwelling-house in Bolckow; built of good pine material; the

best.  I don't know what it was worth at the time of sale; think it would have cost several hundred dollars to build it, probably $1,000 or more.  The building was moved off lots 15 and 14 by and under the direction of Robert G. Hubbard, the defendant in this suit.  The house was upon a permanent and solid foundation.  Hubbard got John Hall, with block and tackle, who follows moving houses, and a number of hands, broke the house loose from its foundation and moved it across the line on lot 13 and part of lot 14, the last named lots claimed by said Hubbard; he claimed to be the owner of them, and that he was moving the house on them, and did move it on them; think he moved the house the night before and morning of the sheriff's sale at Savannah; the L was moved after night; the main building may have been moved the day before the sale, though I rather think the day of the sale; heard Hubbard say while moving the house, that he would make Fox buy vacant lots; that he would get no house; Hubbard at the moving of the house was involved in debt and insolvent, and has since left the country.  Hubbard, I think, was living in the house at the time it was moved, and lived in it some time after; I think he then rented it out, and his tenants have since had possession of it.  After the house was moved, it was adjusted and placed on a permanent foundation, on lot 13 and part of lot 14.

This was all the evidence in the case as shown by the bill of exceptions.

Ordinarily, under the existing facts in this case, the remedy of the appellant would be by an action for damages; but if the respondent is insolvent, that remedy would be without results.  If, therefore, the courts have no equity jurisdiction the appellant is remediless.

The facts show that the appellant and respondent each obtained a judgment of foreclosure against Hopkins in the same proceeding, on the same day and by the same judgment; the one for $1,100.12½, the other for $317.68, with a decree for the sale of the mortgaged premises, and the pro-

ceeds of the sale, after paying costs, to be divided *pro rata* between them; that their judgment lien was identical; that a *fi. fa.* was issued, a sale of the premises advertised for a day certain; that not longer than the day and night preceding the sale, the respondent, without the knowledge or consent of appellant, procured the house to be removed bodily from the mortgaged lot, on to an adjoining lot owned by the respondent, saying whilst moving the house that he "would make Fox buy vacant lots, that he would get no house." The evidence further shows that at the time he was moving the house he was "involved in debt and insolvent, and has since left the country." The judgment of foreclosure shows that appellant's judgment lien against said house and lot amounted to $1,100, the sale of the property amounted to $100. The value of the house when moved was at least $1,000, as shown by the evidence. The house was moved on to a "permanent foundation on lot 13 and part of lot 14." The deed offered in evidence dated August 4th, 1873, conveyed to the respondent this identical property—lot 13 and twenty feet off the south side of lot 14, in block 8, in the town of Bolckow, Andrew county, Missouri. It seems that the attempt was to sever this house from the mortgaged premises and attach it to the freehold of another, himself, and thus put it beyond the power of appellant to follow the specific property and re-cover possession of it at law.

Has a court of equity jurisdiction upon such a state of facts? The evidence clearly shows what the respective interests of the parties were, in this mortgaged property. A decree of a court of competent jurisdiction had fixed that. This being true, the removal of the house was both wrongful and fraudulent; in fraud of the rights of the appellant, without his knowledge or consent, and hence illegal. The legal remedy is not available because the respondent being insolvent, the property cannot be reached by law, although in possession of the wrong-doer. Mr. Story says: "But there seems the most manifest justice in holding that

when property or its proceeds has come to the use of a party, the mere fact that the title has originated in a tort, should not prevent the party and his personal representatives from rendering an account thereof." 1 Story Eq. Jur., § 513. When a party stands in the position of a wrong-doer he should be held to account for all which might have been made from the premises, and all doubts should be solved against him. 1 Story Eq. Jur., § 514 a. Again, in *Stewart v. Caldwell*, it is said by this court: "Fraud belongs to the original jurisdiction always exercised by a court of equity, and constitutes its most ancient foundation." 54 Mo. 536; 1 Story Eq. Jur., § 68. A party should have small consideration, who, reeking with open and avowed fraud; with the possession of property obtained by a wrongful and unlawful act; placed in a condition so that it may be held by him under the insolvent law, beyond the reach of the law courts, shall come into a court of conscience and question its jurisdiction to deal with him and the property so held.

It is insisted by the respondent, that the evidence or its substance, is not preserved in the bill of exceptions, and this court, therefore, cannot pass on its sufficiency. It is true the deeds offered in evidence are not copied in the bill of exceptions, but are offered as "a joint mortgage deed, made by John W. Hopkins and wife to Thomas Fox for $900, plaintiff herein, and one Townsend for $250, dated 13th day of February, 1871, conveying to said Fox and Townsend lot 15 and thirty feet off the north side of lot 14, in block 8, in the town of Bolckow, Andrew county, State of Missouri;" thus showing by and to whom the deeds were made and the property conveyed. So it was with the other deeds offered in evidence, and the judgment and decree of foreclosure. Then the bill of exceptions shows that "said mortgage, judgment and decree and sheriff's deeds are in proper form and regular on their face."

It is also insisted by the respondent that plaintiff had no other title than that flowing from the foreclosure decree

which is true; and that plaintiff cannot recover beyond the extent of his interest, which is also true. Respondent further insists that the petition is fatally defective in not alleging the insolvency of Hopkins, which we hold is not essential; for even though Hopkins should be solvent and able to pay plaintiff's debt, yet Fox had a right to subject this house upon which he had and held a subsisting judgment lien to the payment of his debt and the satisfaction of his lien. 1 Pomeroy's Eq., § 167. In support of his position he quotes *Lane v. Hitchcock*, 14 Johns. 213, as the leading authority. That case is not analogous to this, in that, there it was shown by the evidence that the mortgaged premises, outside of the house removed by the defendant, were amply sufficient to satisfy the debt; whereas in this case just the reverse is true, the evidence showing that the value of the mortgaged premises after the removal of the house, was only $100, whereas the debt was over $1,100.

We hold, therefore, that this case is one which demands the interposition of a court of equity; that the petition is sufficient upon which to base equitable relief. 50 Mo. 161; and that the circuit court should have found for the plaintiff and decreed that plaintiff recover of defendant the sum of $1,000, the value of the house removed by the defendant, together with six per cent interest from the date of judgment herein; that said sum be decreed to be a lien on lot 13 and twenty feet off the south side of lot 14, in block 8, in the town of Bolckow, Andrew county, Missouri, together with the house and improvements and appurtenances thereto, and that the same be sold to satisfy said judgment, applying the purchase money first to the payment of costs herein, next to the satisfaction of the judgment of the plaintiff, and the balance to be paid to respondent or his legal representatives.

The finding of the circuit court is reversed and this cause is remanded with instructions to enter judgment in accordance with this opinion. All concur.