The State v. McDonald.

THE STATE v. McDONALD, *Appellant:*

1. **Practice, Criminal:** GENERAL VERDICT. A general verdict upon an indictment containing three counts, charging the same offence in different forms, is sufficient.

2. ———: EXCEPTIONS. The practice in criminal cases in regard to matters of mere exception is the same as in civil cases. Where defendant saves no exceptions during the progress of the trial, only the record proper will be reviewed upon appeal.

| 85 | 539 |
| 98 | 343 |
| 98 | 675 |
| 99 | 117 |
| 85 | 539 |
| 100 | 249 |
| 85 | 539 |
| 101 | 352 |
| 85 | 539 |
| 104 | 570 |
| 85 | 539 |
| 108 | 171 |
| 85 | 539 |
| 110 | 7 |
| 110 | 201 |
| 110 | 341 |
| 112 | 204 |
| 85 | 539 |
| 113 | 560 |
| 85 | 539 |
| 125 | 481 |
| 58a | 136 |
| 85 | 539 |
| 126 | 529 |
| 85 | 539 |
| 137 | 270 |
| 85 | 539 |
| 71a | 274 |

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

The defendant was jointly charged with several others, in the circuit court of St. Louis county, with robbery in the first degree, upon the following indictment:

"The grand jurors of the state of Missouri now here in court duly empaneled, sworn, and charged to inquire within and for the body of the county of St. Louis, and state of Missouri, upon their oaths, present and charge that Wm. Dwyer, Richard Gleason, Patrick Dalton, Robert McDonald, Peter Welsh, and Joseph Montgomery, on the thirtieth day of May, A. D., one thousand eight hundred and eighty-four, at the county of St. Louis, in the state of Missouri, in and upon one Anton Dam then and there being, unlawfully and feloniously did make an assault; and two dollars and fifty cents of the money and property of the said Anton Dam from the person, and against the will of the said Anton Dam, then and there by force and violence to the person of the said Anton Dam, feloniously did rob, steal, take, and carry away, against the peace and dignity of the state.

"And the grand jurors aforesaid, upon their oath aforesaid, further present and charge, that the said William Dwyer, Richard Gleason, Patrick Dalton, Robert McDonald, Peter Welsh, and Joseph Montgomery, on the thirtieth day of May, 1884, at the said county of St. Louis and state aforesaid, in and upon one Mina Dam, then and there being, unlawfully and feloniously, did make an assault, and one ear-ring of the value of fifty cents, of the goods and chattels and personal property of the said Mina Dam, from the person and against the will of the said Mina Dam, then and there by force and

violence to the person of the said Mina Dam, feloniously did steal, take, and carry away, against the peace and dignity of the state.

" And the grand jurors aforesaid, upon their oath aforesaid, do further present and charge, that the said William Dwyer, Richard Gleason, Patrick Dalton, Robert McDonald, Peter Welsh, and Joseph Montgomery, on the thirtieth day of May, 1884, at the county of St. Louis, in the state of Missouri, in and upon Anton Dam and Mina Dam, then and there being, unlawfully and feloniously, did make an assault, and two dollars and fifty cents in money, of the value of two dollars and fifty cents, of the money and personal property of the said Anton Dam, then and there by force and violence to the person of the said Anton Dam, feloniously did rob, steal, take, and carry away, and one ear-ring of the value of fifty cents of the goods, chattels, and personal property of the said Mina Dam, from the person and against the will of the said Mina Dam, feloniously did rob, steal, take, and carry away, against the peace and dignity of the state."

A severance was granted defendant, and, upon trial, he was convicted and sentenced to ten years' imprisonment in the penitentiary. After unsuccessful motions for new trial and in arrest of judgment, he appealed to this court.

*Zach. J. Mitchell* for appellant.

(1) The court erred in failing of its own motion to instruct as to an *alibi*, in favor of defendant. *State v. Branstetter*, 65 Mo. 155; *State v. Lewis*, 69 Mo. 92. An *alibi* is an ordinary defence and should be instructed upon. 1 Bish. on Crim. Proc., secs. 1062, 1064, 1065, 1066, 1067; *Commonwealth v. Choate*, 105 Mass. 459; *Howard v. State*, 50 Ind. 190; *State v. Hardin*, 46 Iowa 623; *State v. Walker*, 42 Tex. 360; *Briceland v. Commonwealth*, 24 Pa. St. 462. (2) Instruction number one is erroneous and confusing. *State v. Davidson*, 38 Mo.

The State v. McDonald.

.378. (3) The court erred in instructing for a general finding upon the three counts in the indictment. (4) There was no evidence to support a general verdict as found. (5) There was no evidence to support any verdict as against defendant.

*B. G. Boone*, Attorney General, for the state.

(1) The action of the court, in the progress of the trial, was proper. Defendant saved no exception to the admission or the rejection of evidence, the sustaining or overruling of any motion, or the giving or refusing of any instruction; these matters constitute no part of the record proper, and will not be reviewed by this court. *State v. Pints*, 64 Mo. 317; *State v. Williams*, 77 Mo. 310. (2) Although there were several counts in the indictment, but one offence was charged, and the court properly instructed the jury that a general finding would be sufficient. *State v. Miller*, 67 Mo. 604. (3) The evidence was sufficient to justify the instructions given, and the verdict was responsive to the law and the evidence. Section 1302, R. S.; *State v. Broderick*, 59 Mo. .318. (4) There was no evidence offered to support an *alibi*, and if an instruction had been asked on this point, it would have been properly refused. *Alibi* is mere ordinary evidence in rebuttal. Sec. 1062, Bishop Crim. Procedure, 3 Ed. Unless evidence is offered to support an *alibi*, and it is attempted to be made a defence, the trial court will not be authorized in giving an instruction as to reasonable doubt of the defendant's presence at the time of the commission of the crime. *State v. Lewis*, 69 Mo. 92. A general instruction as to reasonable doubt was given, and it was all that was warranted by the evidence.

SHERWOOD, J.—The defendant was indicted for and convicted of the crime of robbery, in the first de-

gree, and his punishment assessed at ten years' imprisonment in the penitentiary.

I.   The evidence has been carefully examined, and in our opinion is sufficient to support the verdict.

II.   The indictment, though containing three counts, really charges in different forms but one and the same offence, and, therefore, a general finding of guilty was sufficient, and no specification of the particular count was necessary.   *State v. Miller*, 67 Mo. 604.

III.   The rule in criminal cases in regard to matters of mere exception is precisely the same as in civil.   R. S., sec. 1921.   And as defendant saved no exceptions during the progress of the trial, nor in reference to the instructions, nor upon the overruling of his motions, there is nothing presented by the record calling for review.   *State v. Marshall*, 36 Mo. 400 ; *State v. Ray*, 53 Mo. 345 ; *State v. Pints*, 64 Mo. 317 ; *State v. Williams*, 77 Mo. 310.

Therefore, in the absence of any defect in the record proper, the judgment must be affirmed.   All concur.