## THE STATE v. BLOUNT, *Appellant.*

1.   **Fish Law : BAYOU : WATERS OF STATE.**   A bayou extending back from Lake Contrary, a public body of water in Buchanan county, and into which from the lake fish have free and uninterrupted access, and not being wholly on premises belonging to the defendant, falls within the description "waters of the state" in Revised Statutes, section 1625, which forbids the erecting or maintaining of any seine, net or trap, etc., in any waters of the state and the catching of fish therein by any such means.

2.   ———: **STATUTE, CONSTRUCTION OF : WATERS WHOLLY ON PREMISES, ETC.**   Said section 1625, Revised Statutes, contains a proviso that the prohibitions therein shall not apply to waters wholly on the premises belonging to such person or persons using such device

or devices; *held*, that the word "persons" means joint owners and before any person or persons can claim the protection of the proviso, if a sole owner of the land, he must show, and if a joint owner with others, they must show, that the waters are wholly on the premises of such owner or owners. If a stream, it must have its source and its mouth and its whole course on the sole owner's or the joint owner's land; and if a lake or bayou it must be entirely surrounded by the lands of the sole or joint owners to be wholly on the premises of such owner or owners.

3. **Constitution.** The provisions of said section 1625, Revised Statutes, are not in conflict with the constitution of the state nor of the United States.

*Appeal from Buchanan Circuit Court.*—Hon. W. H. Sherman, Judge.

Affirmed.

*J. P. Thomas* for appellant.

(1) The statute under which the indictment was found applies to public waters only, and not to private waters. R. S., sec. 1625. (2) If the language of the statute is broad enough to include within its prohibition the bayou in question, it takes or damages private property without any compensation therefor; it deprives a person of property without due process of law, and is, therefore, unconstitutional and void. Constitution of Missouri, art. 2, secs. 21, 30 ; Constitution of United States, art. 5 of amendments.

*D. H. McIntyre,* Attorney General, for the state.

Norton, J.—Defendant was indicted in the Buchanan circuit court for netting and trapping fish in violation of section 1625, Revised Statutes. The cause was tried upon an agreed statement of facts; defendant was found guilty, and fined two hundred and nine dollars. From this judgment he has appealed. The agreed statement of facts is as follows:

"1. That the water described in the indictment is a bayou flowing into and connecting with Lake Contrary, in Buchanan county, Missouri, as is shown by McAleer's map of Buchanan county; and that Lake Contrary is a public body of water; and that the said bayou was surveyed as land, as is shown by the field notes and maps of the surveyors and engineers of the United States. That said bayou extends, for more than a mile from its entrance into Lake Contrary, back into the country, and is about one hundred yards wide at its junction with the lake, and ten feet deep, and that fish from the lake have always had, and still have, free and uninterrupted access into said bayou from the main lake, and from the bayou into said lake; that thousands of California salmon and shad have been placed in said lake by the fish commissioners of Missouri, and all may pass into and out of said bayou from the lake into which they were placed.

"2. That the defendant, at the county of Buchanan, about the time alleged in the indictment, and in the manner charged in the indictment, did, in the waters of said bayou, fish, seine and net, the defendant then and there for so fishing, seining and netting, having the consent and authority of the owners of all the land on each side of the said bayou, and adjacent thereto, and on which the waters of said bayou are located."

It is contended, on behalf of defendant, that the bayou in question is not such a body of water as the statute forbids fish from being taken by seines, nets, traps, etc. The statutory provisions are as follows: Section 1625, Revised Statutes, forbids, under penalty therein prescribed, the erecting or maintaining of any seine, net or trap, * * * in any waters of the state, or in front of the mouth of any stream, slough or bayou, and prohibits the taking or catching of any fish in the

"waters of the state" by any such means. It further provides that such prohibition shall not apply to waters wholly on the premises of such person or persons, using such devices. The term "waters of the state" is defined by section 1631, of Revised Statutes, to mean "all streams, lakes, ponds, sloughs, bayous, or other waters, wholly, or in part, within the state, excepting the Missouri and Mississippi rivers, and all such parts of said rivers as shall be within five hundred feet of the mouth of any river, creek, branch, slough, bayou, or other water, emptying into or connected with said rivers, within or on the boundary lines of the state."

That the bayou in question falls within the definition above given of "waters of the state," seems to us to be too clear for argument. Bayous are designated by name as being "waters of the state," and as the bayou in question is not wholly on the premises belonging to defendant, he is not protected by the proviso contained in section 1625, *supra*, viz.: that the prohibition of the section shall not apply to waters wholly on the premises of such person or persons using such devices. We are of the opinion that the word persons, as used in the proviso, means joint owners, and before any person or persons, can claim the protection of the proviso, if a sole owner of land, he must show, and if a joint owner with others, they must show, that the waters are wholly on the premises of such owner or owners. If a stream, it must have its source and its mouth, and its whole course, on the sole owner's, or the joint owner's land; and if a lake or bayou, it must be entirely surrounded by the lands of the sole or joint owners, to be wholly on the premises of such owner or owners. Viewing the statute in this light, and we cannot look at it in any other, without ignoring the plain words, as well as the object of the law, the owners of the land on each side of this bayou, could neither singly, nor unitedly, seine, net, or trap therein.

It is further contended by counsel, that if the statute means this, that it is a violation of both the constitution of the state and the United States, which forbid the taking of private property for public use. While conceding the ingenuity of the argument made in support of this proposition, I cannot admit its soundness. The property which a man hath in animals, *feræ naturæ*, is a qualified property; that is, he may have the privilege of hunting, taking and killing them on his own premises, to the exclusion of others. He has but a transient property in these animals, usually called game, so long as they continue within his premises. 2 Black Com. 394. This qualified, transient property, is not taken away by the statute. One who may have the right to take fish from such waters as are specified in the statute, is not denied the right to do so, but, in order to the preservation of fish and prevent their destruction, the state, in the exercise of its police power, simply forbids them from being taken by the use of certain prohibited methods. He can exercise such right in any other method than those which the statute prohibits.

In the exercise of this power the state, in various statutes, forbids the killing or capturing of certain kinds of game within certain periods of the year, and forbids their capture by the use of certain means during the other periods of the year, and such laws have never been supposed to be obnoxious to constitutional provisions declaring that private property shall not be taken for public use without compensation.

Judgment affirmed, in which all concur.