STATE OF MISSOURI, Respondent, v. THOMAS MILLIKAN, Appellant.

Kansas City Court of Appeals, February 8, 1887.

1. PRACTICE—MATTERS OF EXCEPTION—RULE CONCERNING SAME IN CRIMINAL AS IN CIVIL CASES.—The rule in criminal cases, in regard to matters of mere exception, is precisely the same as in civil ; and all exceptions not brought to the attention of the trial court, in a motion for a new trial, are deemed *waived*.

2. DRUGGISTS—SALE OF LIQUORS BY—PRESCRIPTION REQUIRED BY ACT OF 1883.—Under the statute of 1883 (Laws of Mo. 1883, p. 90), relating to the sale of liquors by druggists, the prescription required by the statute must be "had and obtained from some regularly registered and practicing physician," and where there was no evidence that the physician who gave the prescriptions offered in evidence was a regularly registered physician the prescriptions are properly excluded as evidence.

APPEAL from St. Clair Circuit Court, HON. CHARLES G. BURTON, Judge.

*Affirmed.*

Statement of case by the court.

On March 26, 1886, the defendant was indicted for selling intoxicating liquor as a druggist without a license or other lawful authority therefor. The evidence showed two sales of whiskey by the defendant as a druggist to one Ed. Hall on March 4, 1886. The defendant offered in evidence two prescriptions of that date, made and signed by C. L. Ward, M. D., who was shown to be a regular practicing physician of good standing in Lowry City, when and where the defendant's drug store was located. There was no evidence, however, that said Ward was a regularly registered physician. The material portions of the two prescriptions were as follows: "Prepare for Ed. Hall. R Spirits Frumenti, ounces four, *Med. use*," and "Prepare for Ed. Hall. R Spirits Frumenti, one pint, *Med. use.*" The prosecuting attorney objected to the introduction of the prescriptions in evidence on the ground that they did not state that the intoxicating liquor prescribed was a *necessary* remedy, and the court sustained the objection.

The defendant was convicted and in due time he filed a motion for a new trial in which the sole ground set up was the refusal of the court to admit the said prescriptions in evidence.

JOHN H. LUCAS, for the appellant.

I. It will be seen that in all respects the prescriptions offered in evidence literally comply with the requirements of the statute, except in the use of the formal expression, a "necessary remedy," and for a substitute for these words, the physician uses the formula, "Med. use." The purpose and object of the enactment was the prevention of the sale of intoxicating liquors by druggists without a physician's prescription therefor, and the formula used in the statute, "necessary remedy," was only intended to inform the druggist that

such liquor was prescribed for medical use. Any words that would lead the druggist in good faith to believe that the liquor was to be used for medical purposes, is sufficient. Statutes are to be construed in reference to the subject matter, the objects which prompted and induced their enactment, and the mischief they were intended to remedy. *State v. Diveling*, 66 Mo. 375. And it will not be presumed that the legislature intended to authorize a proceeding unreasonable in itself. *Neenan v. Smith*, 50 Mo. 525. "When necessary the strict letter of the * * * law must yield to the manifest intent." *State v. Emmerson*, 39 Mo. 89.

II. It would be superfluous to cite authorities to show that evidence that the offence was committed in St. Clair county is necessary. *State v. Burgess*, 75 Mo. 541.

No brief for the respondent.

HALL, J.—The defendant urges two grounds of error in this court for the reversal of the judgment:

(1) The refusal of the circuit court to admit the prescriptions in evidence.

(2) A failure of proof of the venue.

It is provided by section 1965, Revised Statutes, that verdicts may be set aside and new trials awarded, in criminal cases, on the application of the defendant.

By section 1966 are prescribed the causes for which a new trial may be awarded. By section 1967 it is provided that the motion for a new trial "shall be in writing and must set forth the grounds or causes therefor."

There are similar statutory provisions concerning motions for new trial in civil actions requiring the motion to set forth the grounds or reasons on which it is founded. In construing said provisions of the statute it has been held that "all exceptions, not brought to the attention of the trial court in a motion for a new trial,

are deemed waived." *McCord v. Railroad*, 21 Mo. App. 96, and cases cited ; *Fox v. Young*, 22 Mo. App. 383 ; *Blakely v. Railroad*, 79 Mo. 398 ; *Carver v. Thornhill*, 53 Mo. 285.

By section 1921, Revised Statutes, it is provided : "On the trial of any indictment or prosecution for a criminal offence, exceptions to any decisions of the court may be made in the same cases and manner provided by law in all civil cases * * *." In the case of the *State v. McDonald* (85 Mo. 543), the last mentioned statute is cited by the court and it is said : "The rule in criminal cases in regard to matters of mere exception is precisely the same as in civil. And as defendant saved no exceptions during the progress of the trial, nor in reference to the instructions, nor upon the overruling of his motions, there is nothing presented by the record calling for review." And so we hold that the only thing that is presented for our review is the action of the court, in refusing to admit the prescriptions in evidence, which was set forth in the motion for a new trial as the sole ground therefor. All other exceptions during the progress of the trial must be deemed waived by the defendant.

The sales made by the defendant were made in 1886. This case is, therefore, controlled by the act of 1883. Laws of 1883, p. 90. By section 2, of that act it is provided : "No druggist or pharmacist shall, directly or indirectly, sell, give away or otherwise dispose of intoxicating liquors of any kind in any quantity less than one gallon, for any purpose, except on a written prescription, dated and signed, first had and obtained from some regularly registered and practicing physician, and then only when such physician shall state in such prescription the nameof the person for whom the same is prescribed and that such intoxicating liquor is prescribed as a necessary remedy ; * * *." The physician used the formula "Med.

ruse" in the prescriptions instead of the formula "necessary remedy" prescribed by the statute. It is not necessary for us to decide whether in so doing the physician sufficiently complied with the statute or not, because the court properly refused to admit the prescriptions in evidence for another reason. The prescription under the statute must be "had and obtained from a *regularly registered* and practicing physician," and there was no evidence that the physician who gave the prescriptions was a regularly registered physician. For this reason the prescriptions were properly excluded. We may add, however, that it would be wise for physicians to follow the formula prescribed by the statute.

The judgment is affirmed. All concur.