The State v. DeMosse.

---

## THE STATE v. DeMosse, *Appellant.*

1. **Practice**: BILL OF EXCEPTIONS, CONTRADICTION OF BY AFFIDAVITS. A bill of exceptions, regular in every respect, cannot be contradicted by affidavits.

2. **Practice, Criminal**: INSTRUCTIONS MUST BE IN WRITING. It is error for the court to give oral instructions to the jury in the trial of a criminal cause. (Revised Statutes, 1879, sec. 1908.)

3. ———: ———. The giving of oral instructions in a criminal trial, at the instance of the defendant, will not constitute reversible error. (R. S. 1879, sec. 1821.) Nor will the judgment be reversed for such reason where no exceptions were saved to the action of the court at the time.

4. ———: ———. Where error is complained of in a criminal cause, exceptions must be taken to it at the time it occurs, as in civil cases, and it must again be called to the court's attention in the motion for new trial, and be made a part of the record by proper preservation in the bill of exceptions to be reviewed in the appellate court, unless it be error apparent on the record proper, in which case advantage may be taken of it for the first time in the latter court.

*Appeal from Jackson Criminal Court.*—HON. HENRY P. WHITE, Judge.

AFFIRMED.

*John W. Wofford* for appellant.

(1) The evidence does not sustain the conviction. *State v. Bird*, 1 Mo. 585; *State v. Mansfield*, 41 Mo. 470; *State v. Jaeger*, 66 Mo. 173. (2) The court erred in giving verbal instructions to the jury. R. S., sec.

1920; *State v. Cooper*, 45 Mo. 64; *State v. Thompson,* 83 Mo. 257. (3) The court erred in not instructing the jury as to the presumption of innocence the law raises in favor of every one charged with crime.

*John M. Wood*, Attorney General, for the State.

(1) The evidence was sufficient to warrant the conviction. And where the evidence is sufficient to authorize the trial court to submit the case to the jury, this court will not interfere, unless it clearly appears that the jury acted from prejudice or passion. *State v. Hicks*, 92 Mo. 432; *State v. Musick*, 71 Mo. 401; *State v. Warner*, 74 Mo. 83; *State v. Gann*, 72 Mo. 374. (2) The court correctly declared the law applicable to the case. Defendant saved no exceptions to any of the instructions, and it is too late to do so for the first time in the motion for a new trial. *State v. McDonald*, 85 Mo. 539. (3) It was at the request of defendant and with his consent that the court instructed the jury orally. The record nowhere shows that the prosecution as much as suggested that instructions should be given in this form. The defendant thereby waived the right to have the jury instructed in writing. He may " voluntarily, and of his own head, waive any right short of a constitutional one." *State v. Davis*, 66 Mo. 684; *State v. Gilmore*, 95 Mo. 554; *State v. Klinger*, 46 Mo. 224; *State v. Waters*, 62 Mo. 196; Moffart on Jury Trials, sec. 110; 1 Bish. Crim. Proc., secs. 117–126; 1 Bish. Crim. Law, secs. 995, 996

SHERWOOD, J.—The defendant, indicted for stealing a buggy, harness, etc., was convicted of grand larceny, as was also one Totten who was tried at the same time, the defendant alone appealing.

I. The point is made that the testimony did not warrant the conviction. The next day after the theft, which occurred about the preceding midnight, the

defendant was found, about two o'clock in the afternoon, driving the stolen buggy with the harness on his horse. The other stolen articles were found next day and at his stable. The defendant professed to have borrowed the buggy of Totten. After both of the accused were placed in prison, they were overheard indulging in the mutual exchange of blamings of each other for the predicament into which they had fallen. There is therefore abundant testimony to support the conviction.

II. Another point is made that the court erred in instructing the jury verbally and not otherwise. The bill of exceptions recites that this was done "*at the request of both parties.*" It is true that Totten and defendant in their motion for a new trial swear "that they never did in any way waive their right to have the jury instructed in writing," but such an affidavit can not be allowed to overthrow the recitals of fact in a bill of exceptions duly signed by the judge. Where a judge refuses to sign a bill of exceptions because it is not a true bill, then the bill may be signed by three bystanders, and supported by affidavits not more than five in number ( R. S., secs 3638, 3640 ), and upon the affidavits thus filed, the truth of the unsigned bill is to be tried. *Ib.*, sec. 3643. For this reason, affidavits made in contradiction of a bill regular in every respect can not be regarded.

III. The statute in respect to instructions in criminal causes, referred to by counsel for defendant, when first enacted was as follows : "Sec. 28. The court shall not, on the trial of the issue on any indictment, sum up or comment upon the evidence, or charge the jury as to matter of fact, unless requested so to do by the prosecuting attorney, and the defendant or his counsel, but the court may instruct the jury on any point of law arising in the cause, which instructions shall be in writing [ unless the prosecuting attorney and the defendant consent to its being given orally ]." R. S.

1845, p. 882, sec. 28. But since that time, that section of the statute has been so amended, as to lop off the words I have placed in brackets, so that the statute became substantially the same as it is at the present time. 2 R. S. 1855, p. 1195, sec. 31; G. S. 1865, p. 851, sec. 30; R. S. 1879, sec. 1920. And in 1879, the legislature revising the statutes of the state, with regard to instructions in criminal causes said with emphasis: "The court must instruct the jury, in writing, upon all questions of law arising in the case, which are necessary for their information in giving their verdict." R. S. 1879, sec. 1908. So that whether we regard the provisions of section 1920, or the latter section just quoted, error occurred in giving oral instructions to the jury. But is the error, considering the circumstances of the case, a fatal and reversible one? This question must be answered in the negative for two reasons :—First, as the error was committed at the request of the defendant, section 1821 expressly forbids any judgment to be "arrested or in any manner affected  *  *  *  for any error committed at the instance or in favor of the defendant."

Second : The defendant saved no exceptions to the action of the court in giving oral instructions, conceding for the nonce that he could do so after having requested them to be given. The rule as defined by our statute, and by our decisions based thereon, is that exceptions in criminal causes rest upon the same footing and have to be taken in the same way provided by law in all civil cases. R. S., secs. 1921, 3635. That is, the exceptions must be taken at the time the error complained of occurs, and can not be urged for the first time in the motion for a new trial. *State v. Marshall*, 36 Mo. 400; *State v. Ray*, 53 Mo. 345; *State v. Pints*, 64 Mo. 317; *State v. Williams*, 77 Mo. 310; *State v. McDonald*, 85 Mo. 543.

If error is apparent on the record proper, it may be taken advantage of in this court for the first time ; but if error does not thus appear, it can only be taken advantage of by timely exceptions precisely as in civil causes, which exceptions must be taken when the supposed error occurs, and after that reiterated in the motion for a new trial, and after that made part of the record by proper preservation in the bill of exceptions.

Therefore, judgment affirmed.    All concur.