A. A. NICOL & COMPANY, Appellants, v. HYRE & COMPANY *et al.*, Respondents.

Kansas City Court of Appeals, April 30, 1894.

1. **Appellate Practice:** RECORD PROPER: EXCEPTIONS. The record proper consists of the petition, summons and all subsequent pleadings, including the verdict and judgment and these the appellate court will examine and revise whether any exceptions were taken or not.

2. ———: ORDER SETTING VERDICT ASIDE V. ORDER SETTING ASIDE SUCH ORDER: EXCEPTIONS. An order specifying the grounds for setting aside a verdict for the want of evidence to support it, is by the statute made a part of the record proper and may be reviewed without exception taken; but a motion for a new trial and the order sustaining it and the agreement to set such order aside must be excepted to and the exception saved in proper form to entitle it to review.

3. **Practice, Trial:** SETTING ASIDE VERDICT FOR WANT OF EVIDENCE. It is not within the power of the trial court to set aside a second verdict for the same reason it did the first, to wit, because it is not supported by the evidence.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Thos. F. Gatts* and *Wash. Adams* for appellants.

The court was powerless in law to grant a second or third new trial to defendant's case, because it had already granted one new trial in the same case. R. S. 1889, sec. 2165; *State ex rel. v. Adams*, 76 Mo. 605.

*D. S. Twitchell* for respondent.

(1) When the trial court, during the term when a judgment is rendered, vacates it, its action in so doing

must, in the absence of a showing to the contrary, be considered warranted by the exercise of its general power. The party seeking a review of the action of the trial court must affirmatively show that the action of the court granting the new trial and vacating its judgment, was either illegal, because in contravention of some statute, or else that it should be set aside, because oppressively exercised, otherwise the action of the court must stand. *Nelson v. Ghiselin*, 17 Mo. App. 663; *Lowell v. Davis*, 52 Mo. App. 343; *Martin v. St. Charles Tobacco Co.*, 53 Mo. App. 655. (2) The common law power of courts to set aside their own judgments during the term when rendered has always been recognized in this state. *Ashby v. Glasgow*, 7 Mo. 320; *Fannon v. Plummer*, 30 Mo. App. 25; *Rottmann v. Schmucker*, 94 Mo. 139.

SMITH, P. J.—This was an action on an account before a justice of the peace. There was a trial in the circuit court by a jury, resulting in a verdict for plaintiffs, which, on motion of defendants, was by the court set aside for the reason that it "is not supported by the evidence." At a later term there was a second trial by jury likewise resulting in a verdict for the plaintiffs which, on motion of defendants, was set aside for the reason that it "is not supported by the evidence."

The plaintiffs thereupon filed a motion to set aside this order of the court for the reason that it was without power to make such order, since it appeared that the ground on which it had done so was identical with that on which it had set aside the first verdict and granted a new trial. This motion was by the court overruled and to its action in so doing plaintiffs duly saved their exception.

The action of the court in this regard we think

was erroneous. Section 2240, Revised Statutes, provides that for the causes therein set forth the court may grant a new trial if satisfied that an improper verdict was occasioned by any of such matters and that the party has a just cause of action or defense. The next section, 2241, provides that only one new trial shall be allowed to either party except, *first*, when the jury have erred in a matter of law; *second*, when the jury shall be guilty of misbehavior; and every order allowing a new trial *shall specify of record the ground on which it is granted.*

The record proper, by law, has been repeatedly held in this state to consist of the petition, summons and all subsequent pleadings including the verdict and judgment; and these the law has made it our duty to examine and revise; and if any error is apparent on the face of these proceedings which constitute the record, we will reverse the cause whether any exceptions were taken or not." *Bateson v. Clark,* 37 Mo. 31; *State v. Pints,* 64 Mo. 317; *State v. MaFoo,* 110 Mo. 7; *State v. McDonald,* 85 Mo. 539. We can therefore look at the first verdict and also the order specifying the ground upon which it was set aside, because the last referred to section of the statute makes the same a part of the record. But the motion to set aside the first verdict and the order sustaining it, as well as the order alleged to have been based on the agreement of parties setting aside that order, while incorporated in the bill of exceptions, are no part of the record, and therefore entitled to no notice by us, for the reason that no exception was taken to the action of the court in respect to the same. We can only look at a ruling of the court in the progress of the trial of a case as to the admissions or rejection of evidence, the sustaining or overruling of some motion, or the giving or refusing of instructions through an exception taken, and when

no such exception has been taken we are powerless to notice such ruling. *Bateson v. Clark, supra.* It follows therefore that our power of supervision is limited to those matters that are a part of the record proper or have become a part of the record by being incorporated in the bill of exceptions and excepted to at the time the alleged error was committed of which complaint was made.

It is apparent on the face of the record that there was found by a jury two several verdicts for the plaintiffs, and it is also apparent that these verdicts were by the court set aside for one and the same cause, that is to say, because not supported by the evidence. This, as has been seen, the statute forbids. It was not within the power of the court to set aside the second verdict for the same reason that it had disturbed the first. The ground on which the court set aside these verdicts was not one of those mentioned in section 2241, so that the action of the court was not within the exception to the general statutory rule that only one new trial shall be allowed in a cause. "There seems to be no limit on the power of the court to grant new trials on either of the grounds specified in section 2241 Revised Statutes, but for the other grounds specified in section 2240 only one new trial can be granted." *Lovell v. Davis*, 52 Mo. App., *loc. cit.*, 347. The court therefore exceeded its power in setting aside the second verdict. It should have corrected its error when its attention was called thereto by the plaintiff's motion to set aside its order. The second verdict must be restored and the proper judgment entered thereon.

In this view it becomes unnecessary to notice other points urged by counsel both in their briefs and argument here at the bar.

The order setting aside the second verdict and granting a new trial is reversed and the cause remanded

with directions to enter judgment on the second verdict as restored and to annul and vacate the subsequent orders which are inconsistent with the final verdict and judgment which we have directed to be entered in the cause. All concur.