### SMITH, *Appellant*, v. DUNKLIN COUNTY.

1. **Practice:** INSTRUCTIONS: EXCEPTIONS. Where a case at law is tried before the court sitting as a jury, and no instructions are asked or given and no exceptions saved, there is no error reviewable in the Supreme Court and the judgment of the circuit court should be affirmed, unless, perhaps, there should be no evidence at all to support the verdict.

2. ————: EVIDENCE: EXCEPTIONS. To enable the appellant to avail himself of the errors of the trial court in admitting or rejecting evidence, the bill of exceptions must show that he excepted to the action of the court in admitting or rejecting the evidence at the time.

*Appeal from Dunklin Circuit Court.*—HON. R. P. OWEN, Judge.

AFFIRMED.

*A. H. Smith* for appellant.

*Taylor & Davis* for respondent.

PHILIPS, C.—This is an action by plaintiff, Jacob Smith, to recover from defendant, Dunklin county, the amounts alleged to be due and owing on certain bonds claimed to have been issued by the county. The answer, after making special denials of the allegations of the petition, pleaded matters of special defence. Much evidence was introduced *pro* and *con.* by the parties.

No instructions were asked, or given. The cause was tried by the court sitting as a jury. The bill of exceptions shows that at the conclusion of the evidence, the court took the case under advisement, and afterward announced that the bonds read in evidence, claimed to be the bonds of the county, were rejected, on the ground that they did not establish any indebtedness of the county as such, as they did not purport to be the bonds of the county. The bill of exceptions then recites that "thereupon the court rendered judgment against the plaintiff and in favor of defendant for his costs, holding that plaintiff was not entitled to recover on the evidence in the cause, to which plaintiff then and there excepted."

It has been repeatedly held by the Supreme Court that under the present practice act, where the case at law is tried before the court sitting as a jury, and no instructions are asked or given, and no exceptions saved, there is no error reviewable in this court, and the judgment of the circuit court should be affirmed; unless, perhaps, there should be no evidence at all to · support the verdict. *Miller* v. *Breneke, ante,* p. 163, and authorities cited.

Equally well settled is it, that to enable appellant or plaintiff in error to avail himself of the errors of the trial court in admitting or rejecting evidence, the bill of exceptions must show that he excepted to the action of the court in admitting or rejecting the evidence complained of at the time. The bill of exceptions in this case fails to show that the plaintiff excepted, at the time, to the action of the court in rejecting any evidence offered by him. But it shows that, after the court held that on the evidence the plaintiff was not entitled to recover and rendered judgment in the case in favor of defendant, "the plaintiff then and there excepted." The exception was after verdict rendered and judgment given, by the express recital of the bill of exceptions. The exception fairly seems to be to the action of the court in rendering judgment for the defendant. As is

said by Tompkins, Judge, in *Randolph v. Alsey*, 8 Mo. 657: "Exceptions to the opinion of the court must be taken in the progress of the trial, not after the trial." In *Waldo v. Russel*, 5 Mo. 393, the plaintiff introduced several matters of evidence, the last of which was a certain sheriff's deed. After the introduction of all the evidence, an objection was interposed in these words: "To the introduction of which to the jury as evidence in the above cause the defendant objected." It did not say "to the introduction of all which evidence," and the court say: "The objection taken in a literal sense goes to the introduction of the deed only."

In *Steamboat v. Smith*, 10 Mo. 527, the only error complained of was as to the giving and refusing of instructions. After the court passed on the instructions, the bill of exceptions recited: "To which several decisions of the court, the defendant, by his counsel, excepted at the time." This was held a good exception as to the giving and refusing of instructions. It went to the "several" rulings of the court and covered all the instructions. But in *Mattingly v. Moranville*, 11 Mo. 604, the same learned judge held that it is too late after the verdict to except to the giving of instructions. In *Case v. Fogg*, 46 Mo. 44, 47, there was a general exception at the close of the bill. The court held it was too general and indefinite "to advise us of its application." The court further say: "There is nothing technical in a bill of exceptions, but it must clearly and distinctly advise the appellate court not only of the proceedings before the trial court, but of each ruling of which appellant complains, and that such ruling was excepted to at the time. A party will not be permitted to lie by and let errors accumulate without objection, and, if he is defeated upon the main issues, to take advantage of them afterwards." The case of *Harrison v. Bartlett*, 51 Mo. 170, is even more pointed. In that case, at the end of the bill of exceptions, it was stated that, "to all the rulings, orders and judgment of the court, the

defendant excepted." The court held it was insufficient: "The exception must be saved to the specific rulings in the progress of the cause."

The bill of exceptions under review does not, as in the case last cited, even state that plaintiff excepted to all the rulings and judgment of the court; but it shows merely that after judgment for defendant the plaintiff excepted in the language "to which plaintiff then and there excepted." This, according to the decisions cited, is not sufficient.

The judgment of the circuit court should, therefore, be affirmed. All concur, except Hough, C. J., absent.