Griffith v. Hanks.

---

GRIFFITH, *Plaintiff in Error*, v. HANKS.

1. **Practice in Supreme Court : ADMISSION OF EVIDENCE.** Where the record fails to show that the evidence, the admission of which is complained of, was not excepted to at the time of its offer, the question is not before the Supreme Court for review.

2. **Evidence : INSTRUCTION WITHDRAWING FROM JURY.** An error in the admission of evidence in a civil suit is cured by an instruction which, in express terms, withdraws it from the consideration of the jury,

3. **Instruction** : MOTION FOR NEW TRIAL. The refusal of an instruc-
tion will not be reviewed by the Supreme Court where such refusal
is not assigned as error in the motion for a new trial.

4. **Practice in Supreme Court** : WHEN VERDICT NOT DISTURBED.
Where the question in the case was, whether the signature of the
note in suit was the genuine signature of the defendant, or a
forgery, and the instructions given by the court presented that
question fairly to the jury, and there was evidence tending to
support the verdict, the Supreme Court will not disturb the ver-
dict.

*Appeal from Scotland Circuit Court.*— HON. B. E.
TURNER, Judge.

AFFIRMED·

*Smith, Silver & Brown* and *Blair & Scofield* for
plaintiff in error.

(1)   Under the plea of *non est factum*, the testimony
offered to show the consideration of the note was clearly
inadmissible in evidence.   The doctrine is now well estab-
lished that a negotiable note in the hands of an innocent
holder for value is protected from all inquiry into its
consideration.   *Bennett v. Torbina*, 56 Mo. 309 ; *Merrick
v. Phillips*, 58 Mo. 436 ; *Hamilton v. Marks,* 63 Mo.
167 ; *Durkee v. Chambers*, 57 Mo. 575 ; *Sheets v. Over-
john*, 60 Mo. 305 ; *Capital Bank v. Armstrong*, 62 Mo.
59.   It would seem that this testimony must have been
admitted in evidence under authority of the mischievous
doctrine announced in the cases of *Briggs v. Evart*, 59 Mo.
245 ; *Washington Bank v. Ecky*, 51 Mo. 272 ; *Martin v.
Smyle*, 55 Mo. 577 ; *Corby, Ex'r, v. Wedle*, 57 Mo. 459 ;
which have been expressly overruled and repudiated.
*Sheets v. Overjohn*, 60 Mo. 305 ; *Capital Bank v. Arm-
strong*, 62 Mo. 59.   (2) The instruction, the sixth in
plaintiff's series, should have been given.   The rule
now fully recognized and established in this state is,
that such papers can only be offered in evidence to the
jury as a standard of compensation, when no collateral

issue can be raised concerning them, which is (a) only when such papers are either conceded to be genuine; or (b) on such as the other party is estopped to deny; or (c) on papers belonging to the witness, who was, himself, previously acquainted with the party's handwriting, and who exhibits them in confirmation of his own testimony. 1 Greenl. Evid., sec. 581; *State v. Clinton*, 67 Mo. 381; *State v. Thompson*, 71 Mo. 614; *Corby, Ex'r, v. Wedle*, 57 Mo. 459; *State v. Scott*, 45 Mo. 303; *Springer v. Hall*, 83 Mo. 693. (3) The testimony upon which the refused instruction was based had been given to the jury without objection, and it was proper for the court to tell them, by an instruction, what effect they were authorized to give the same.

*McKee & Smoot* for defendant in error.

RAY, J.—This was a suit upon a negotiable promissory note. The note bore date December 21, 1880; was for the sum of two hundred and ten dollars, payable to the order of Eagle Machine Works, at Citizens' Bank, Memphis, Missouri, six months after date, and purported to have been executed and signed by, and in the name of, John C. Hanks, the defendant, and also purported to have been assigned to plaintiff, for value, before maturity. The answer was the plea of "*non est factum*," supported by affidavit. The reply, the general issue.

At the trial, before a jury, the evidence was, substantially, as follows : It was admitted, by the defendant, that the payee in said note was a corporation, duly organized, and that the note was assigned to the plaintiff by its authorized manager, J. C. Farr. The plaintiff, to further sustain the issue on his side, introduced, as a witness, H. G. Pitkin, who testified that he was acquainted with the defendant, John C. Hanks, and somewhat acquainted with his hand-writing; has had some notes on him; has been in the banking and brokerage

business for several years, and made the examination of signatures a study. The witness, being handed the note in suit, was asked if he could state in whose hand-writing the name of John C. Hanks thereto, was, and said it was the defendant's hand-writing. He was then handed plaintiff's admitted assessment lists, and asked to compare the signatures to the same with that to the note; and state if he could say, from said comparison, in whose hand-writing the signature to the note was, and he answered, that, in his opinion, it was in defendant's hand-writing. On cross-examination, he stated that the signature to the note might not be that of defendant, but that it looked very much like his signature.

H. Wine, the county assessor, being sworn for the plaintiff, stated that he took the assessment lists of defendant for 1879, and, also, 1880, and knows that defendant signed the lists himself, for one year, and thinks he signed for the other. J. W. Barnes, being sworn for plaintiff, stated that he was a broker, and cashier of the Scotland County National Bank; that he had made it a part of his business to examine signatures to notes. The witness, being handed the note in suit, and defendant's said assessment lists, was asked to compare the signatures to the same, and state his opinion as to said signatures, and he said that, in his opinion, the person who wrote the name to the note also wrote the names to the assessment lists. On cross-examination, he said the signature of Hanks was one that would not be hard to counterfeit; that the signature to the note was written in ink, with a pen. Plaintiff then offered in evidence the note in suit, together with the assignment of same to plaintiff by the authorized manager of said corporation, as well as defendant's said assessment lists, all of which were submitted to the jury, and the plaintiff here rested.

The defendant, being sworn on his behalf, and being handed the note in suit, testified that he never signed

said note; that the signature, John C. Hanks, was not his. He further stated "that, on the twenty-first of. December, 1880, a man claiming to be the agent of the Eagle Machine Works, of Cleveland, Ohio, came to his home, in company with Smith, from Memphis, Missouri, and said that he had my contract for three corn-crushers, at seventy dollars each, and wanted me to pay, or give my note, for same. I had never given any contract to buy corn-crushers." Plaintiff here objected to this evidence, tending to show the consideration of said note, as being inadmissible in this suit, by endorsee for value before maturity. The objection was overruled, and plaintiff excepts to the ruling. The witness then stated that, some time in 1880, a man claiming to be the agent of the Eagle Machine Works called to see him, and wanted him to become local agent for the sale of corn-crushers, and that he signed an agreement to become such, but never signed an agreement to purchase corn-crushers. Plaintiff, as before, objected to this evidence as inadmissible in this suit; and, as before, the court overruled the objection, and plaintiff excepted to the ruling, as before. Defendant then testified that, when the second agent came around, he did sign a note to the Eagle Machine Works, for two hundred and ten dollars, due in six months, and payable at Citizens' Bank, with ten per cent. interest from date; that the note he signed had the words, "order of" and "negotiable," scratched out; that he would not sign a negotiable note, and had the above words scratched out. To this, also, plaintiff objected, because the note (in suit) showed, on its face, that it had not been defaced, and that the only question was, did the defendant sign it? But the record fails to show that plaintiff excepted to this ruling of the court. On cross-examination, defendant, being asked how many papers he. signed that day, said, "I believe there were two. I signed two papers and gave them to the agent,

and he signed one and gave it to me. I read over all, these papers before signing them, and knew what I was signing." Being asked if he did not write to the Eagle Machine Works, concerning this note, the witness replied: "I got my attorney to write about the note I had signed." Witness was here handed the assessment lists, and he admitted that he signed one, and might have signed the other. The note in suit was then shown witness, and he was asked if the signature to it was his, and he said no, but that it resembled his signature. "I signed with a pencil the agent had. I see that my name, J. C. Hanks, to this note, is written with ink and pen."

William Hanks, son of the defendant, testified: "I was present at the time of the transaction between my father and the agent, and I heard the note read over that my father signed, and I, also, read it myself. The words, 'or order,' and the word, 'negotiable,' were erased. My father signed it with a pencil, and handed it to the agent. This is not the note my father signed, and this is not my father's signature. It read payable to Eagle Machine Works, and the words, 'negotiable' and 'or order,' were scratched out. The amount was two hundred and ten dollars."

To this evidence, the plaintiff objected as inadmissible in this suit. But the record fails to show, either that the court overruled the objection, or that plaintiff excepted to the court's action in this behalf. On cross-examination, the witness re-affirmed what he before stated about the erasures in the note his father signed, and further said it was a printed note, and partly in blank in places. Being here shown the note in suit, witness said he never saw it before, but that the note Turner, the agent, read over to his father was about the same size of the note in suit, and looked like it. This was all the evidence offered.

The court, at the instance of the plaintiff, gave the following instructions:

"1. That the evidence in this case proves that the plaintiff is a purchaser of the note in suit for value, and in good faith, before maturity of same; and the jury must believe, from the evidence, that the defendant never signed said note."

"2. That, if they believe from the evidence, that the note was signed by defendant, they will find for the plaintiff for the full amount of said note, with interest from date, at the rate of ten per cent."

"3. That, if they believe from the evidence, that defendant signed the note in suit, they must find for plaintiff, without they further find that he signed it, believing at the time that it was not a negotiable note, and believing that said note did not contain a proper statement."

"4. That the contract between the Eagle Machine Works, made prior to the time of the alleged execution of the note in question, is not a subject for the consideration of the jury, except the question as to whether or not defendant executed said note."

"5. That the evidence in this case proves that the plaintiff is a purchaser of the note in suit for value, and in good faith, before maturity of the same, and the jury must find for the plaintiff, unless they believe, from the evidence, that the defendant never signed the said note."

The plaintiff also asked the following instruction, which the court refused, and plaintiff excepted to said ruling:

"6. The court instructs the jury that it is their right and privilege to examine the signature signed to said note, and to compare said signature with other admitted signatures of the defendant, and if, from said comparison, they believe the signature to the note is his, and that he signed the same, they will find for plaintiff."

At the instance of defendant, the court gave the following instruction:

"1.   That the burden of proof in the execution of the note sued on, is with the plaintiff, and unless they believe, from the preponderance of the evidence, that defendant signed the note sued on, or authorized some one for him to sign the same, they will find for defendant."

To the giving of which plaintiff objected and excepted.   The jury found a verdict for the defendant, and there was judgment accordingly, from which the plaintiff, after unsuccessful motions for new trial, and in arrest, appealed to this court.

It is here insisted, in behalf of plaintiff, that the court erred in admitting in evidence that portion of defendant's testimony (father and son included) touching his execution to said corporation of a note like the one in suit, except that it was non-negotiable; that the words, "order of" and "negotiable," were erased or scratched out, before he signed it; that it was signed in pencil, etc.   It is further insisted that the court also erred in admitting in evidence what the defendant said in reference to the prior alleged contract between defendant and the agent of said corporation, touching the purchase of corn-crushers, and becoming agent of said corporation for the sale of same, etc.   It is also claimed for plaintiff, that the court erred in refusing instruction number six, asked by plaintiff.   The defendant has furnished us no brief on his behalf.

As to the first alleged error, it is sufficient to say that the record fails to show that the plaintiff, at the time, excepted to the ruling of the trial court in that behalf, and under repeated decisions of this court, that question is not now before us for review.   *Hoyt v. Williams*, 41 Mo. 270; *Harrison v. Bartlett*, 51 Mo. 170; 13 Mo. 444; *Waldo v. Russell*, 5 Mo. 387; 37 Mo. 338.

As to the second alleged error, it is also sufficient to say that that error was cured by the fourth instruction, given at plaintiff's request, by which that testimony

was, in express terms, withdrawn from the consideration of the jury. *Fitzgerald v. State*, 14 Mo. 414. We are aware that the ruling of this court, on that question of practice, especially in criminal cases, has not been altogether uniform, but the great weight of authority is in favor of the rule above stated.

As to the refusal of plaintiff's sixth instruction, it is also sufficient to say, that if that was error, it is not now before us for review, as the record shows that plaintiff, in his motion for a new trial, failed to assign that as one of the grounds for a new trial. The question in this case, as has been seen, was whether the signature to the note in suit was the genuine signature of the defendant, or a forgery. The instructions given by the court presented that question fairly to the jury (or, at least, contain no error of which the plaintiff can complain), and as there was evidence tending to support the verdict, the uniform practice of this court, under such circumstances, is not to disturb the verdict. There may be some question as to the propriety of plaintiff's first and third instructions, but if there is, plaintiff cannot complain of it.

This leads to an affirmance of the judgment of the trial court, and it is so ordered. All concur.