### DURANT v. LEXINGTON COAL MINING COMPANY, *Appellant.*

1. **Person Employed in Coal Mine :** ACT OF MARCH 23, 1881. A person employed as a cager in the bottom of the shaft of a coal mine is within the protection of the act of March 23, 1881 (Acts, p. 165 ), requiring the owner, agent or operator of such mine to provide safe means of lowering and hoisting persons in a cage covered with boiler iron, and giving a right of action for injury to the person occasioned by any wilful violation of the act, or wilful failure to comply with any of its provisions.

2. ——— : ———. Mere knowledge by the plaintiff of the failure of the defendant to have the mine provided with the protections required by law will not defeat an action for the recovery of damages occasioned by such failure.

3. **Evidence :** INSTRUCTION WITHDRAWING FROM JURY. An error in the admission of evidence is cured by an instruction which, in express terms, withdraws it from the consideration of the jury.

*Appeal from Lafayette Circuit Court.*—HON. J. P. STROTHER, Judge.

AFFIRMED.

Durant v. Lexington Coal Mining Co.

*Wallace & Chiles* for appellant.

(1) The court erred in overruling defendant's demurrer to the evidence. The statute ( Laws 1881, p. 165 ) only applies to persons descending into or ascending out of a shaft and not one who was working down in the shaft. ( 2 ) Much of the evidence introduced by plaintiff, over defendant's objections, went to the policy of the legislature in passing the act in question, and as to whether its provisions in regard to boiler-iron covers to cages were practicable, and not as to whether the requirements of the act had been violated. Session Acts 1881, p. 167, sec. 6 ; 1 Green. Ev. ( 4 Ed.) secs. 51, 52 ; *Frederick v. Allgaier*, 88 Mo. 598, 602 ; *State v. Blunt*, 91 Mo. 503 ; *Stump v. Mueller*, 17 Mo. App. 288-9. ( 3 ) The party against whom illegal evidence is admitted can, by instruction, if he is willing to adopt that course, correct or ameliorate the injury done him thereby, but the party introducing such illegal evidence cannot so experiment and then claim to remedy the injury done the other side by withdrawing such illegal and prejudicial evidence by his own instruction. *Gutzweiler v. Lackman*, 39 Mo. 91. ( 4 ) The court erred in rejecting evidence offered by defendant.

*Graves & Aull* for respondent.

( 1 ) The act of 1881 ( Laws, pp. 165-171 ) includes the plaintiff and defendant, and authorizes this action. Appellant's construction of this act is narrow and illiberal. The title of the acts forbids such construction ; and it is competent to refer to the title for purposes of construction. *Spiva v. Mining Co.*, 88 Mo. 71. For direct construction of same statute covering the case at bar, see *Coal Co. v. Taylor*, 81 Ill. 596 ; *Coal Co. v. Healer*, 84 Ill. 126 ; *Coal Co. v. Wiggerhaus*, 13 N. W.

Rep. 649; *Ins. Co. v. Albert*, 39 Mo. 181; *Fell v. Coal Co.*, 23 Mo. App. 224. (2) If some of the evidence introduced by plaintiff was improper, the same was withdrawn from the jury by instruction. *Griffith v. Hanks*, 91 Mo. 116; *Bank v. Murdock*, 62 Mo. 70. (3) The court committed no error in the reception or rejection of testimony, nor in giving or refusing of instructions, and the judgment should be affirmed.

BLACK, J.—This is an action for personal damages sustained by the plaintiff while in the employ of the defendant, a corporation engaged in mining coal. The action is founded upon the act of March 23, 1881. Acts of 1881, p. 165. The act, among other things, provides (section 6): "The owner, agent or operator of every coal mine operated by shaft shall provide suitable means of signaling between the bottom and the top thereof; and shall also provide safe means of hoisting and lowering persons in a cage covered with boiler iron, so as to keep safe, as far as possible, persons descending into and ascending out of said shaft." Section 8 provides: "The top of each and every shaft, and the entrance to each and every intermediate working vein, shall be securely fenced by gates properly covering and protecting such shaft and entrance thereto." Section 14 enacts: "For any injury to persons or property, occasioned by any wilful violation of the act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured for any direct damages sustained thereby."

The evidence shows, without any dispute, that defendant failed to cover its cages with iron or other material, that the top of the shaft had no gates or other protection, and the only means of communicating from the top to the bottom of the shaft was by the human voice. It is in these respects that the petition charges a wilful failure to comply with the statutes, and

upon these issues the case went to the jury. The evidence also shows that plaintiff was employed as cager at the bottom of the shaft, his duty being to put the pit cars on the cage, so that they could be hoisted to the surface. As one cage with its loaded car would go up, another one with an empty car would come down. The plaintiff was endeavoring to get a loaded car on the down cage, and the car being off its track, he stepped into the cage to pull it on. While he was doing this, a large lump of coal fell from the car which had reached the top of the shaft and broke and fractured the bones of one leg. Had the cage been covered, it is quite clear that he would not have been injured.

Since the plaintiff was not going up or down the shaft, and did not go into the lower cage for that purpose, the defendant insists that, as to him, there was no violation of that clause of the statute which makes it the duty of defendant to "provide safe means of hoisting and lowering persons in a cage covered with boiler iron, so as to keep safe, as far as possible, persons descending into and ascending out of said shaft." If we stick to the letter of this clause, the point must be sustained. But we think it may receive a construction broad enough to include the present case. When the meaning of the statute is clear, courts have no power to make qualifications or additions to cover seemingly omitted cases. It is, however, a familiar rule that a thing which is within the intention of the makers of the statute is as much within the statute as if it were within the letter. This intention must, of course, be gathered from the statute itself, not from detached portions, but from the whole statute taken in its general scope and purpose. Now the statute in question, in its many provisions, seeks to protect the health and safety of persons employed in and about mines, and whilst going in and out of them. This is its general scope and

purpose, and to that end many detailed provisions and regulations are made. Among others, the cage must be furnished with guides to conduct it on slides, and with spring catches, and there must be a brake on every drum. These regulations are for the protection of persons while at work in the shaft as well as when going up and down. The statute does not contemplate two sets of cages, one with iron covers for persons to use in going up and down, and the other without covering to use in hoisting coal. The same cage is used for both purposes, and it must have the covering of iron. The employe, when at work in the cage, at the bottom of the shaft, is as much within the reason and intention of the statute as when going in and out of the mine, and we conclude is entitled to the protection of the covering.

The next contention of the appellant is that knowledge on the part of the plaintiff that the cage was not covered with iron, and that no contrivance had been provided for signaling from top to bottom of the shaft, and that the top of the shaft had no gates or other protection, should defeat the action. Such a declaration of law would in effect nullify the statute. Knowledge only by the plaintiff of the failure of defendant to have the mine provided with these protections will not defeat the action. It must be remembered that the plaintiff, to prevail, must show a wilful violation or failure to comply with the statutory regulations. Our statute seems to be the same as that of Illinois, and it has been held there that, though the injured person may not have been entirely free from fault, still if the jury found that the wilful conduct of defendant resulted in injury, the verdict would be justified. *Litchfield Coal Co. v. Taylor*, 81 Ill. 590. But we do not say in this case that plaintiff could recover if guilty of negligence himself.

There is evidence in this case that plaintiff was out of his place when in the cage, and that he should have

pushed the pit car into the cage. On the other hand, there is evidence that he had directions from the pit boss to pull the car in, and that he had been provided with hooks to do the work as he did, and that he was not negligent. Whether he was guilty of negligence contributing to the injury was submitted to the jury on various instructions favorable to defendant. A mass of lengthy instructions were given on both sides, and to which objections were made, but what has been said will dispose of such objections as we deem worthy of special notice.

During the trial some evidence was received, over the objections of the defendant, that the cages of defendant were, at the time of the trial, covered with iron and that a gate had been attached to one of the openings in the shaft. This evidence was in express terms excluded by an instruction given at the request of the plaintiff. The point of defendant's objection to this instruction seems to be that a party offering illegal evidence cannot have it excluded and thereby avoid a new trial or reversal, and that the party against whom it is offered can alone have it excluded. An error in the admission of evidence will be cured by an instruction which in clear and in express terms withdraws it from the consideration of the jury. *Griffith v. Hanks*, 91 Mo. 109 ; *Stephens v. Railroad*, 96 Mo. 207. The court could of its own motion withdraw or exclude such evidence, and this being so, we do not see that it can make any difference at whose request the evidence is withdrawn or excluded.

We cannot follow out the other numerous objections to the introduction of evidence. Some of them are without a particle of merit ; and there is nothing in the others to justify a reversal. The judgment is affirmed. The other judges concur, except BARCLAY, J. who concurs in the result.