PHILLIP RITZENGER, Appellant, v. HENRY A. HART, Respondent.

**Kansas City Court of Appeals, January 5, 1891.**

**Appellate Practice :** NO OBJECTIONS OR EXCEPTIONS. Where a party makes no objections and saves no exceptions to the rulings of the trial court in giving instructions, he will be deemed to have consented to such instructions, and, therefore, cannot complain in the appellate court.

*Appeal from the Carroll Circuit Court.*—Hon. J. M. Davis, Judge.

Affirmed.

*Pattison & Timmons*, for appellant.

( 1 ) From the record in this cause, the question, as we deem it, for consideration is whether the act of the legislature, approved April 27, 1883, commonly known as the "stock law," was in force in Carroll county on December 25, 1888. Has appellant saved enough upon the record to raise this question? We maintain that he has. It may be contended by respondent that appellant admitted that the stock law was in force in said county, by presenting that theory of the case in the instructions asked and given by the court in his behalf. But it must be remembered that appellant objected to the introduction of the evidence offered by respondent tending to show that said stock law had been adopted; and it was not necessary to have the court again pass upon that question by instruction. Again by motion for a new trial, this question was again presented, and especially the fact that the court had improperly declared the law of the case in the instructions given for respondent, and especially instruction, numbered 2, which declares "That, under the laws of this state, it is unlawful for the owner of cattle to permit the same to run at large outside the inclosure of the owner," etc.

*James L. Minnis*, for respondent.

Gill, J.—Plaintiff brought this action to recover of defendant three head of cattle, which, it seems, defendant had taken up as running at large in violation of what is known as the "stock law." On the trial in the circuit court before a jury, a verdict and judgment were had in defendant's favor, and plaintiff brings the case here by appeal.

The point made in plaintiff's brief is, that the "stock law," enacted by the legislature and approved

April 27, 1883, was not in force in Carroll county at the time these cattle were seized and held by defendant. But it is sufficient to say that, on this record, we are precluded from a decision of this question. After the evidence was introduced, the circuit court gave several instructions to the jury, in express terms recognizing the adoption and existence of that law in Carroll county, and leaving it to the jury to find the other facts necessary to a verdict for the plaintiff or defendant, and not one of said instructions was objected to by plaintiff. Having made no objections, nor saved any exceptions, on these rulings of the court, the plaintiff is deemed to have consented to such instructions, and, therefore, cannot here complain. The plaintiff will not be permitted to lie by and consent to the court's action, and then come here and assert the same as error. *Griffith v. Hanks*, 91 Mo. 116. "A party will not be permitted to lie by and let errors accumulate without objection, and, if he is defeated, then to take advantage of them afterwards." *Smith v. Dunklin County*, 83 Mo. 197; *Davis v. Brown*, 67 Mo. 313; *Harrison v. Bartlett*, 51 Mo. 170.

Judgment affirmed. All concur.