GEO. E. LOGAN *et al.*, Respondents, V. ENTERPRISE INVESTMENT & IMPROVEMENT COMPANY, Appellant.

Kansas City Court of Appeals, January 18, 1892.

1. **Appellate Practice:** NO OBJECTION TO EVIDENCE : NO REVIEW : INSTRUCTIONS : MOTION FOR NEW TRIAL. If no objection is preserved by the bill of exceptions to the action of the trial court in admitting evidence, that matter is not subject to review by the appellate court ; neither is giving of instructions reviewable unless excepted to and mentioned in the motion for a new trial.

2. **Instructions:** EVIDENCE MISLEADING : FAIR TRIAL. Instructions, unsupported by the evidence or misleading in their form, are properly refused, and where the case has been fully and fairly submitted to the jury there is no ground of complaint.

*Appeal from the Bates Circuit Court.*—HON. JAMES N. LAY, Judge.

AFFIRMED.

*S. W. Dooley*, for appellant.

(1) The evidence of the proposed settlement and compromise should not have been admitted. *Smith v. Shell*, 82 Mo. 215. (2) By the refusal to give appellant's second instruction "the precise and especial ground of defense (of tender and acceptance) was withdrawn from the jury, thrown into the back-ground and

apparently neglected altogether." *Sawyer v. Railroad*, 37 Mo. 240. (3) Undue prominence was given to one issue, the terms of the contract, by the instructions given. *Manson v. Bolts*, 80 Mo. 658; *Raysdon v. Trumbo*, 52 Mo. 35; *Brownfield v. Ins. Co.*, 26 Mo. App. 390; *Haynor v. Churchill*, 29 Mo. App. 682: (4) Instructions should cover the whole case and take in all the testimony. *Ellis v. McPike*, 50 Mo. 574. (5) There was an issue made and evidence tending to prove the issues set out in appellant's second instruction, and it should have been given. *Craven v. Gillilan*, 63 Mo. 28; *Seiffert v. Worthington*, 63 Mo. 577; *Holleday v. Jones*, 59 Mo. 482; *Williamson v. Fisher*, 50 Mo. 198. Same with regard to appellant's third instruction. (6) It is error to give an instruction that ignores a material issue, as was done in respondent's first instruction. *McDonald v. Cable Co.*, 32 Mo. App. 70. (7) Respondents' first instruction consisted almost exclusively of facts admitted, and was calculated to mislead the jury, as a direct instruction to find for the plaintiffs. *Fitzgerald v. Haywood*, 50 Mo. 516. Same as to appellant's third instruction. *Bank v. Metcalf*, 29 Mo. App. 384. (8) The theory of both sides should be presented to the jury. *Longuemere v. Busby*, 56 Mo. 540; *Fitzgerald v. Haywood*, *supra*.

*George Templeton*, for respondents.

(1) There is nothing in the record according to appellant's own statements, nor in bill of exceptions, showing that appellant made any specific objections to the introduction of the evidence of the proposed settlement or compromise by giving notes, and for that reason the action of the trial court in admitting such evidence cannot be considered. *Griffith v. Hanks*, 91 Mo. 109; *Peck v. Chouteau*, 91 Mo. 138; *McCormick v. Hickey*, 24 Mo. App. 362; *Demetz v. Benton*, 35 Mo. App. 559; *Allen v. Mansfield*, 82 Mo. 688. (2) Record

nowhere shows that appellant excepted to the action of the trial court in granting the instructions given to respondents, and on motion for new trial appellant failed to call the attention of the trial court to any error committed in granting to respondents its instructions, and, therefore, the action of the court cannot be considered by the appellate court. *State v. Griffin*, 98 Mo. 672 ; *Morgan v. Rice*, 35 Mo. App. 591 ; *Ritzinger v. Hurt*, 43 Mo. App. 183 ; *Walsh v. Allen*, 50 Mo. 181 ; *Dozier v. Jermain*, 30 Mo. 216. (3) The two instructions given to respondents and one given to appellant, construed together, cover all the issues tendered by the pleadings, and fairly present all the law of both sides to the jury. That being the case, court will not examine instructions refused. *Esty v. Tuxell*, 25 Mo. App. 238 ; *Skeen v. Engine & Thresher Co.*, 34 Mo. App. 485 ; *Harnby v. Brashear*, 51 Mo. 439 ; *Horter v. Harnson*, 52 Mo. 524 ; *State v. Holme*, 54 Mo. 153.

SMITH, P. J.—This was an action on an account for lumber sold and delivered. The answer in effect admitted the sale and delivery of the lumber but alleged that it was sold and delivered to defendant to be used in the construction of sidewalks in the town of Richards, of which defendant was the founder and promoter, and that it was to be paid for out of the proceeds of the sale of lots to be made by defendant ; that through no fault of the defendant it had been unable to sell any of the town lots and it was, therefore, not liable for the lumber ; that defendant finding itself unable to sell the lots tendered back to the plaintiffs the lumber which was accepted by them, etc. The reply controverted the special defenses of the answer. There was a trial and judgment for the plaintiffs, to reverse which judgment defendant appeals.

I. The defendant by its appeal challenges the judgment on several grounds, the first of which is that the trial court erred in admitting evidence of a proposed

settlement and compromise of the plaintiff's claim against defendant. While it is likely this evidence was improper, yet, as no objection was preserved by the bill of exceptions to the action of the court in admitting the same, "that matter is not subject to review by us." *Demetz v. Benton*, 35 Mo. App. 559; *Griffith v. Hanks*, 91 Mo. 109; *Peck v. Chouteau*, 91 Mo. 138; *Allen v. Mansfield*, 82 Mo. 688.

II. Nor can we review the action of the trial court in giving the instructions asked by plaintiffs, for the reason that there was neither exceptions taken and preserved to the action of the court in giving the same, nor was the attention of the court called thereto in the motion for a new trial. *Ritzinger v. Hart*, 43 Mo. App. 183; *Morgan v. Rice*, 35 Mo. App. 591; *State v. Griffin*, 98 Mo. 672.

III. The two instructions given for the plaintiffs with the one given for defendant covered the issues made by the pleadings and the evidence. The second instruction refused by the court for the defendant was properly refused, for the reason there was no substantial evidence to authorize the giving of it. Besides, it was so worded as to mislead the jury had there been evidence, as there was not, of a tender and acceptance of the lumber. It directed the jury that if the plaintiffs knew at the time the lumber was delivered, that it was to be cut up for use, such cutting up and using would not render defendant liable. This without qualification was calculated to mislead the jury. The only evidence of tender and acceptance was that Mr. Royce, president of the defendant, got something like $10 worth of lumber which was reported to plaintiffs, who gave defendant credit therefor, as shown by the account sued on, and charged the same to Mr. Royce's account. So that in any event no injury resulted to the defendant on account of the action of the court in refusing the plaintiffs' second instruction.

The third instruction asked by defendant was but a repetition of the first and was very properly refused. An examination of the entire record has convinced us that the case has been fully and fairly submitted to the jury, and that there is no just ground for complaint.

It follows that the judgment must be affirmed. All concur.