NOLAN, *Public Administrator,* v. JOHNS *et al.*; MASTIN *et al., Appellants.*

Division One, December 22, 1894.

1. **Practice:** DEPOSITION: NOTICES.   A deposition taken in Denver, Colorado, pursuant to notice, will not be suppressed because the attorney for the opposing party was in Chicago, Illinois, on the day before, pursuant to another notice to take a deposition there.

2. **Injunction:** BOND: SURETIES: ASSESSMENT OF DAMAGES: EVIDENCE: HARMLESS ERROR.   In assessing against the sureties damages on an injunction bond, the admission of evidence affecting only the principal on the bond and the sureties on another bond is not ground for reversal, where the evidence was afterward withdrawn from the jury by an instruction.

126   159
71a  630

126   159
143   437
74a   230

126   159
146   114
146   661
77a   75

126   159
83a   332

126   159
87a   636

126   159
89a   72

126    159
92a[10] 82

126    159
171   [9]186

3. ———: ———: ———: ———: INSTRUCTION: HARMLESS ERROR. Where the court, in its instruction on the measure of damages against sureties on a bond for an injunction to restrain a sale under a chattel mortgage, stated that the verdict should not exceed the reasonable value of the mortgaged property at the time it was advertised for sale with interest, an objection that a recovery was permitted on the theory that the amount of the note and interest secured by the mortgage furnished the proper measure of damages, is not well taken.

4. ———: ———: ———: ———: EVIDENCE. Evidence that a receiver had sold the mortgaged property and held the proceeds subject to the order of the court is incompetent to reduce the damages.

5. ———: ———: ———: ———. ———. A duly certified fee bill of costs taxed against the respondent in the injunction suit and assigned to him for value by the parties in whose favor they were taxed was admissible in estimating damages against the sureties on the injunction bond, there being no objection that the costs were not regularly taxed.

6. ———: ———: ———: ———: CONTINUANCE. An application for a continuance for the purpose of enabling appellants to retax the costs in the injunction suit, *held* properly denied.

7. ———: ———: ———: ———: IMPROPER REMARKS OF COUNSEL. Remarks of counsel in addressing the jury touching facts foreign to the case are not ground for reversal of the judgment where they are withdrawn after reproval by the court.

8. ———: ———: ———: ———. Where the motion to dissolve the injunction on the bond in suit was heard with a motion to dissolve a second order of injunction, the sureties on the bond can not complain that part of the costs should have been apportioned to the latter motion, where they neglected to ask an instruction to that effect on the trial.

9. Practice: INSTRUCTIONS. The court is not required to give instructions in civil suits unless requested to do so.

10. Appellate Practice: ABSTRACT OF RECORD. The meaning of the term "printed abstract of the entire record" considered and stated.

*Appeal from Johnson Circuit Court.*—HON. C. W. SLOAN, Judge.

AFFIRMED.

*O. L. Houts* and *T. A. Frank Jones* for appellants.

(1) The deposition of J. G. Barnes should have been suppressed on the motion of appellants, because

it was taken in Denver, Colorado, on September 2, and
the respondent Jones had given the appellant notice
that he would take depositions in Chicago, Illinois, on
September 1, and the appellants having attended under
the other notice, it was impossible for them or their
attorney to be present in Denver on September 2. The
object of the notice is to give the adverse party oppor-
tunity to be present in person. R. S., sec. 4446;
*Shipman v. Daubert*, 7 Mo. App. 575; *Gerrish v. Pike*,
36 N. H. 510; *Cole v. Hall*, 131 Mass. 88. (2) The
admission of the evidence in regard to the real estate
was prejudicial error, which was not cured by the
qualification that it was offered only against Nolan, the
plaintiff, and not against the sureties, nor from its
final exclusion from the jury, for the reason that it
was calculated to mislead and confuse the jury as to
the real issues. (3) The theory upon which the motion
to assess damages was drawn and tried was erroneous
in this, that it sought to charge the sureties for the
amount of the note for $1,892.50, with interest, instead
of for the amount which would have been realized from
the chattel mortgage sale which was enjoined, with
interest. (4) It was prejudicial error for the court to
reject the offer of appellants to prove in reduction of
damages that a receiver appointed by the court had
sold the personal property in question and held the
proceeds of such sale subject to the order of the court.
(5) The assignment of witness fees to respondent
Jones was not competent evidence to go before the
jury in this proceeding. (6) The remarks of respond-
ent's attorney before the jury which were excepted to
and preserved in the bill of exceptions were improper
and calculated to be highly prejudicial to the appel-
lants. (7) The judgment given by the court is void
on its face because it is against the sureties but not the

plaintiff. *Nolan v. Johns*, 27 Mo. App. 502. And because the costs of this suit which had been given in evidence to the jury and formed a part of their verdict are again adjudged against the sureties.

*Wm. Aull, Alex. Graves* and *J. D. Shewalter*, for respondent.

(1) The motion to suppress the deposition of J. G. Barnes was properly overruled. (2) The evidence as to real estate was offered only as against Nolan, and was, by the court, expressly excluded from the consideration of the jury by instruction. See instruction 2, given for respondents. *Griffith v. Hanks*, 91 Mo. 116; *Bank v. Murdock*, 62 Mo. 70; *Stephens v. Railroad*, 96 Mo, 207; *Durant v. Coal Mining Co.*, 97 Mo. 67. (3) There was no such theory in this case as is pretended by appellants in point 3. The court by emphatic instruction, told the jury that in no event could they find for respondents the amount of the note with interest, unless the same would have been realized from the sale of the property under chattel mortgage. See instruction 1, for respondent. (4) Respondent had nothing to do with the amount held by the receiver. It had never been paid into court. Respondent had neither possession nor control thereof. (5) The assignment of witness fees was competent evidence to show ownership of, and title to, the same. And the "fee bill" offered in evidence being the original fee bill in the case was competent to show the costs. Besides it was a certified copy of the fees as taxed and adjudged in the case against Nolan, administrator. (6) The remarks by respondent's attorney were without prejudice and were withdrawn. Nothing was said concerning any party to this cause, and the jury could not have been influenced thereby had the same not been

withdrawn. *Huckshold v. Railroad*, 90 Mo. 548; *Strauss v. Railroad*, 86 Mo. 421; *Lloyd v. Railroad*, 53 Mo. 513.

BRACE, J.—This is an appeal by J. H. Lipscomb, J. M. Fox, D. C. Mastin and Frank Jones, from a judgment in favor of O. A. Jones, respondent, one of the defendants in said cause, against said appellants on a verdict in his favor for the sum of $4,302.25 damages assessed upon an injunction bond given in said cause, in which said appellants were the sureties of the plaintiff, and in which the injunction was dissolved. The case has been pending for ten years, and this is the fourth time that the issues between these parties have been brought before the appellate courts. 27 Mo. App. 502; 98 Mo. 252; 108 Mo. 431. In the first and last of these reports will be found a full statement of the case. So far as any additional statement is necessary it will be made in the course of the opinion.

The appellants contend that the judgment should be reversed for the following alleged errors of the trial court: *First*, in refusing to sustain appellant's motion to suppress the deposition of one J. G. Barnes, for the reason that it was taken in Denver, Colorado, on September 2, and respondent had given the appellants notice that he would take depositions in Chicago, Illinois, on September 1, and, the appellants having attended under the other notice, it was impossible for them or their attorney to be present in Denver on September 2. The evidence on the hearing of this motion discloses no ground for suppressing the deposition, except the mere fact that notice was given to take depositions at one place, on one day, and at another place on the next day, and this alone would not authorize the suppression of a deposition taken in conformity with all the requirements of the statute, the statute in this regard only providing "That not more than one

notice to take depositions in the same case shall be given for the same day." R. S. 1889, sec. 4446.

*Second*, in admitting evidence in regard to the real estate secured by the deed of trust, a sale under which was restrained in the same case by a second order upon another bond to which appellants were not sureties. The evidence objected to was admitted by the court only as against Nolan, the principal in both bonds, and was so stated by the court at the time, and afterwards, by instruction, was expressly taken from the consideration of the jury in assessing damages in the case against either principal or sureties. Conceding that the evidence objected to was inadmissible, it was not of such a prejudicial character to the appellants that it could not be cured, as it was in this instance, by the instruction taking it from the consideration of the jury. *Griffith v. Hanks*, 91 Mo. 116; *Stephens v. Railroad*, 96 Mo. 207; *Durant v. Lexington, etc., Co.*, 97 Mo. 67.

*Third*, in permitting a recovery upon the theory that the amount of the note and interest secured by the mortgage, the sale under which was enjoined, furnished the proper measure of damages, "instead of the amount which would have been realized from the chattel mortgage sale and interest." This contention is answered by the instruction of the court in which the jury were told "that in no event can your verdict exceed the reasonable value of said property embraced in the chattel mortgage at the time when the same was advertised thereunder with six per cent. interest thereon."

*Fourth*, in rejecting appellants' offer to prove in reduction of damages that a receiver appointed by the court had sold the personal property in question and held the proceeds of such sale subject to the order of the court. The court committed no error in refusing this offer. The fact offered to be proved did not

bear upon the issue which was to be submitted to the jury, which was simply *the amount* of damages which the respondent suffered by the injunction. They had nothing to do with any fund that might be applied to its payment, after that issue was determined.

*Fifth*, in admitting in evidence a duly certified fee bill of the costs taxed against the respondent in the injunction suit, upon proof of the assignment thereof to him for value by the parties in whose favor they were taxed. It was not objected on the trial that these costs were not regularly taxed and assigned, and the bill under such circumstances tended to prove the amount of money laid out and expended by the respondent for costs in defending the injunction suit, and was admissible in evidence. But it appears that the aggregate amount thereof was left blank in the motion for assessment of damages, and on the trial the respondent was permitted to fill in that amount in the blank left for that purpose, whereupon the appellants moved the court to grant them a continuance, for the purpose of enabling them to have the costs retaxed, which the court refused to do, and this action of the court seems to be the real ground of complaint under this head. The granting of continuances in civil cases is largely within the discretion of the trial court. It must be presumed that the costs were taxed in due and regular order soon after the termination of the injunction proceedings some seven or eight years before this motion was made. The amount thereof could have been readily ascertained, by the simple process of addition upon the clerk's fee book. The appellants must have known that in this action a claim would be made for those costs, and they ought to have been prepared to meet it. The court was guilty of no abuse of its discretion in refusing the application for a continuance, and of no error in admitting the fee bill. It goes without saying

that the court could not, in the trial of this case, stop to inquire into, and retax, those costs.

*Sixth*, in failing, in some way, to discharge its duty on the occasion of counsel for respondents commenting upon an assumed fact, outside of the record and foreign to the issue, in his address to the jury. The appellants excepted to the remarks, the court reproved the counsel for making them, and he thereupon withdrew them. He might, and perhaps ought to, have apologized to the court and the jury for going out of the record, but it was certainly not fatal error for the court not to require him to do so.

The foregoing are all the *points* made in the brief of counsel for the reversal of the judgment, but in the argument it is further suggested that, as the evidence tended to prove that the motion to dissolve the injunction on the bond in this case was heard and tried with another motion to dissolve, a portion of the attorney's fees and personal expenses of the respondent, ought to be apportioned to the other case, and that, although the jury were instructed to make such apportionment, it gave them no guide or standard by which to make it. If the evidence disclosed the fact that a part of such fees and expenses were not properly chargeable to the' sureties on the bond in this case, they 'should have asked the court to so instruct the jury, pointing out, if to them it seemed possible, a definite rule by which a certain part only of such charges should be apportioned to the sureties in this case. In the absence of such request they can not complain of this instruction, for it is now well settled law in this state, that trial courts in civil cases are not required to instruct unless requested so to do.

As to the action of the court upon the evidence on this branch of the case, it is only necessary to say that neither the evidence, nor the action of the court

thereupon, are so set out in the pamphlet styled "Abstract of the Record" filed herein, as to make such action the subject of review here. It must be remembered that this court is not called upon to review any question in a case, except such as shall have been expressly decided by the trial court, and duly excepted to there (R. S. 1889, sec. 2302), and its action thereon made manifest to us by "a perfect transcript of the record and proceedings in the cause," or "by a printed abstract of the entire record." R. S. 1889, sec. 2253. Now this abstract means, and can only mean, an epitome or abridgment of the entire record itself, giving its substance so that the appellate court can clearly and exactly see each ruling of the court, when, and how made in the progress of the case, and whether the same was properly excepted to. It does not mean a mere narrative by counsel of such of the proceedings of the court as they may deem necessary for the determination of the questions they propose to raise in this court with such extracts from the record, and excerpts from the evidence as they may think necessary, accompanied by a statement that the court ruled so and so, and the parties did so and so, which is all the so-called transcript in this case is, or purports to be. Without the record, or the substance of it, or so much thereof "as is necessary to a complete understanding of all the questions presented to the court for decision," we can not intelligently review the action of the trial court in any case, and perhaps, ought not to have undertaken to do so in this, but in view of the long pendency of this suit, and the acceptance of this written statement as an abstract by opposing counsel, we have done so upon all points made in this court in which we could satisfactorily determine what the ruling of the court below was, when we could see that that ruling had been saved for review. And having found no error for which

the judgment should be reversed, the same is affirmed. All concur.

### ON MOTION FOR REHEARING.

BRACE, J.—On motion for rehearing, our attention is called to the fact that the judgment was entered up, not only for the amount of the verdict and costs in this case, but for the costs in the injunction suit. This, of course, was erroneous and the judgment will be modified by striking out the words "as well as the costs upon the trial of the injunction suit," and as thus modified the judgment will be affirmed, and the costs of this appeal adjudged in favor of the appellants against the respondents. All concur.