McKEE, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, November 29, 1904.

1. **PRACTICE: Prima Facie Case: Province of Jury.** Where there was substantial evidence tending to prove the allegations of the petition, it was the province of the jury to determine the credibility of witnesses and the weight and effect of their testimony.

2. ———: **Suggestive Instruction.** An instruction, which limited the amount recovered, in case of verdict for plaintiff, to the amount sued for, was not error as tending to exaggerate the damages in the minds of the jury; where the amount sued for was $10,000 and the verdict was for $500, the instruction could not be assailed on that ground.

3. **CARRIERS OF PASSENGERS: Boarding Moving Car: Negligence Per Se.** The attempt of a would-be passenger to board a moving car before it is stopped, is not negligence as a matter of law.

4. **PRACTICE: Instruction on Point Covered.** In an action for injuries received by a passenger while attempting to board a

McKee v. St. Louis Transit Co.

street car, the refusal of an instruction offered by defendant, defining the term "proper care" on the part of plaintiff, as used in other instructions, was not error, where the court at defendant's instance had properly charged the jury explaining what act of plaintiff constituted contributory negligence and prevented his recovery.

5. ———: ———: **Expert Testimony.** The refusal of an instruction requiring special caution with regard to expert testimony, was not reversible error, where there was a general instruction in the usual form in relation to the credibility of witnesses, and where no hypothetical questions had been addressed to the physicians who testified as experts.

6. ———: **Remarks of Counsel.** Where the counsel for plaintiff, in an action for personal injuries, referred to the condition of plaintiff's clothing and was promptly checked by the court and admonished that the remarks were improper, such remarks do not warrant the interference of the appellate court on the ground that they improperly influenced the jury.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, George W. Easley* and *Morton Jourdan* for appellant.

(1) Under the evidence in this case, the peremptory instruction should have been given, and a verdict for the defendant directed. Barrie v. Transit Company, 102 Mo. App. 469, 76 S. W. 706. (2) The court committed error in giving instructions numbered 1 and 2 upon the part of the plaintiff, and especially that portion of instruction 2 which invited the attention of the jury to the maximum amount sued for, ten thousand dollars, and which had a tendency to exaggerate in the minds of the jury the amount involved, and the amount which the plaintiff should recover. (3) It was perfectly proper that the court should caution the jury with reference to the testimony of the alleged expert witnesses. This instruction, in the form asked, has

been ofttimes approved and given in cases of this character, and should always be given where there is an issue as to the extent of the plaintiff's injury. (4) The judgment should be reversed because of the misconduct of Attorney Minnis in his closing argument in appealing to the prejudice, passion and sympathy of the jury. Lee v. Transit Company, 80 S. W. 273; Rice v. Sally, 176 Mo. 176, 75 S. W. 398; State v. Snyder, 82 S. W. 31.

*James L. Minnis* and *Henry W. Blodgett* for respondent.

(1) It has always been the rule in this State that where counsel is rebuked by the court at the time improper remarks are made, that the making of such remarks constitutes no ground for reversal. Murphy v. Gillum, 79 Mo. App. 564; Nolan v. Johns, 126 Mo. 159, 28 S. W. 492; Wilson v. Smith, 60 Mo. App. 469. (2) Where the court at the time told jury that the remarks of the advocate were outside the case, the remarks constitute no ground for reversal. Ruth v. Railroad, 70 Mo. App. 190; Bradley v. Spickardville, 90 Mo. App. 416.

REYBURN, J.—The plaintiff in employ of defendant as an extra or substitute employee but then not on duty, testified that about half past ten o'clock at night on the seventh of April, 1902, together with a companion he was at the southwest corner of Broadway and Lafayette avenue in the city of St. Louis, awaiting the arrival of a south-bound car; as the car drew near he signalled the motorman to stop and the car was brought almost to a full stop, his companion boarded the car in safety, but exercising due care, as he attempted to follow and also get on, the car started with a sudden and unexpected jerk, he was thrown to the ground receiving the injuries described and the car con-

tinued on its way; the associate of plaintiff deposed to substantially the same state of facts. The testimony tendered by defendant was to the effect that plaintiff had not attempted to become a passenger, and if he attempted to get on the car at all, it was while the car was being operated at full speed. A number of witnesses produced by defendant also testified to declarations and admissions purported to have been made by plaintiff just after the accident, that the accident was his own fault, and he ought to have known better, and the like, all of which he had denied, and such denial found corroboration in the testimony of a witness examined in rebuttal, who administered to and assisted the plaintiff immediately after the accident and until he was removed in an ambulance.

1. The court was fully justified, under the evidence, in refusing to withdraw the case from the jury and refusing the customary imperative instruction in its favor presented by defendant, at close of the testimony of plaintiff. The testimony of the opposite parties presented great conflict; but there was substantial evidence tending to prove the state of facts declared on by plaintiff in his petition and it was the province of the jury, not of the court, to determine the credibility of the witnesses and the weight and effect of their testimony. Rice v. Sally, 176 Mo. 107.

2. We can perceive no error in the form and language of the instruction defining the measure of plaintiff's recovery, especially in restricting the maximum limit to the sum of $10,000 which was asked in the petition, and which appellant charges had a tendency to exaggerate, in the minds of the jury, the amount involved, and the amount which the plaintiff should recover. The language is that not infrequently employed, and in view of the amount of the verdict, $500, and not assailed as excessive, this assignment of error is not sustained by the record.

3.   The defendant asked  and  the trial court rejected the instructions following:

"If you find that plaintiff attempted to board the car while the same was moving and before it stopped then he was guilty of such negligence as contributed to his injury and can not recover.

"The court instructs the jury that the opinions of expert witnesses are admissible in evidence and are to be given such weight and value as the jury may think right and proper under the circumstances.

"The value of an expert opinion depends not only upon the qualification and experience of the witness, but upon the facts which he takes into consideration and upon which he bases his opinion.  If the facts assumed, and which are made the basis of the opinion, are not true and are not established by the proof, then the opinion has no basis upon which to rest and would be of no value, and in weighing such opinions the jury must look to see whether the facts assumed by the expert witness are established by the proof or not; and you can not take the facts assumed by the expert witness to be true simply because they were so assumed, but you must look to the proof to determine whether they are proved or not.

"The jury are instructed that 'proper care' as mentioned in these instructions, depends upon the circumstances and facts of each particular case or situation with reference to which the term is used.  It is such care as a person of ordinary prudence and caution would exercise in the same situation and circumstances."

The first of this series, affirming the proposition that if plaintiff attempted to board the car while in motion and before it stopped, such action was conclusive evidence of contributory negligence prohibiting his recovery, was manifestly improper and not the law of this jurisdiction.  Nor was the refusal of the last instruction defining proper care error; the court, at

defendant's instance had properly and sufficiently charged the jury, explaining by what act of plaintiff, contributory negligence on his part was attributed, and forbidding recovery by him, in the language following:

"If you find plaintiff attempted to board defendant's car while the same was in motion and that such act of plaintiff was negligence, and that same contributed to his injury, then plaintiff can not recover."

The facts in the case did not necessitate any special caution to the jury regarding their consideration and estimation of testimony of expert witnesses who had appeared before them, and the omission was not reversible error herein. No hypothetical questions had been addressed to the physicians testifying respectively, one for each party, the court had instructed the jury on the general subject and at instance of defendant, adequately, and as follows:

"You are the sole judges of the credibility of the witnesses, and the weight and value to be given to their testimony and in this connection you are instructed that if you believe any witness has willfully sworn falsely to any material fact, you are at liberty to disregard any portion or all of the testimony of such witness.

4. The final error imputed to the trial court, was its refusal to sustain the motion of appellant for a new trial, based on the language used in his argument by one of respondent's attorney's characterized as improper and misconduct, and exhibited in the following episode:

"Mr. Minnis: I say, on the other hand, although the plaintiff looks weather-beaten, and although his clothes are not good, you saw them—

"Mr. Jourdan: I object to that.

"The Court: What is the objection?

"Mr. Jourdan: Plaintiff's counsel said, 'Although the plaintiff is weather-beaten, his clothes are not good,' I say that is an improper appeal to the jury.

"The Court: There is nothing here to justify that

as far as I remember. Limit your argument to the facts developed before the jury.

"Mr. Minnis: You see the plaintiff's garb. He hasn't any buttons on his coat—

"Mr. Jourdan: I object and except to the language.

"The Court: That is something that ought not to be addressed to the jury. This matter must be determined on the facts in evidence before you, irrespective of the clothing of the plaintiff, or the position of the defendant."

The capable and vigilant trial judge, before whom the case was in progress, promptly and sufficiently reprimanded the transgressing attorney, if he was wandering beyond the bounds of the testimony, or exceeding the proper scope of legitimate argument; if defendant's right to a fair and impartial trial was in jeopardy, the menace impending was checked and the danger averted by the court's immediate admonition and condemnation of the attorney's conduct and it does not appear that the incomplete and interrupted sentence influenced the jury. Bradley v. City, 90 Mo. App. 416; Ruth v. Railway, 70 Mo. App. 190; Willison v. Smith, 60 Mo. App. 469; Nolan v. Johns, 126 Mo. 159, 28 S. W. 492. Such incidents are generally best weighed and determined by the trial court and its action should not be disturbed unless manifestly erroneous. Wendler v. Railway, 165 Mo. 527, 65 S. W. 737.

Judgment affirmed. All concur.